GREGORY, Appellant, *v.* HAY, Respondent.

Where the petition set forth a lease and contract to pay rent in *kind*, by defendant to plaintiff, and that defendant had refused payment of the rent, and was removing the crop with intent to defraud plaintiff of his share due for rent, and asked for an injunction to restrain him : Held, that in this case, it was necessary, to obtain an injunction, for the bill to aver, either the insolvency of the defendant, or that he was without tangible property which could be made the subject of attachment or execution; and the bill being defective in both particulars, the order for an injunction could not be sustained.

APPEAL from the District Court of the     District, County of Santa Cruz.

This was an application for an injunction.

The complaint set forth that the plaintiff was the assignee of a lease, executed between the defendant and a previous lessor, for sixty acres of land, for the term of three years, which, by several assignments, became vested in him, with the right to receive the rents reserved, &c., which rents were payable in kind ; that defendant had raised a large crop of potatoes, on the demised premises, 210 bushels to the acre, which he is now gathering, one-fourth of which is payable to plaintiff as rent by the said lease; and that he, the defendant, has refused to pay or deliver the portion thereof due to the plaintiff as aforesaid, for rent, and, for the purpose of defrauding the plaintiff, has sold and sent to foreign parts a large portion of said crop, without delivering to plaintiff the fourth part thereof, as he was bound to do by his said contract; and that he is yet engaged in gathering and disposing of the same as aforesaid, in violation of his lease. That the fourth part of the crop so raised, for which rent is due, will amount to about 3000 bushels, and the present value of potatoes in the market is $2 50 per bushel, which plaintiff is about to lose by defendant's refusal to deliver the same, and by his fraudulent removal of them without payment of rent to plaintiff, and prays for an injunction to restrain the defendant from removing and disposing of the potatoes, and for a receiver to take charge of, and sell them, and account, &c.

The court granted the injunction, and appointed a receiver until further order thereon, and afterwards, upon the demurrer of defendant and divers causes filed by him, the injunction was dissolved, and plaintiff appealed from the order directing the dissolution.

*J. Wilson,* for appellant.

There is no answer filed by defendant, and of course the intention to defraud the plaintiff is admitted. If there were good causes of demurrer, an answer should have been put in denying the fraud. See Daniel's Ch. Prac. 375, 653; 9 Ves. 87; Mitford E. Pl. 216, note (f); 3 Paige, 277 and 273; Story Eq. Plead. 464–5, and sect. 605. Charges of fraud shut out a demurrer: 1 Dan. Ch. 375; Ib. 653. If the demurrer is not to the whole bill, it ought to specify which part, and if it does not, it is not good, and must be overruled. 2 Paige, 574; Ib. 414; 6 Ib. 57; 1 Johns. Ch. 57. Demurrer bad in part is bad in the whole.

The injunction was properly granted on the allegation of the petition, that the rents were due, demanded, and refused, with a view to defraud plaintiff, and where this stands admitted by the pleadings, it is good cause for granting an injunction. A motion to dissolve without answer, admits every allegation with their legal conclusions. The motion to dissolve was improperly sustained. 2 Sto. Eq. Pl. 168, sects. 845, 710, 711, 717, 718, 721, and 722.

*Sloan,* for respondent.

When the bill was filed, defendant was in the act of gathering his crop. It does not show how much had been gathered, how much in the ground, or that defendant was irresponsible. There was no existing cause of action, as is apparent from the terms of the lease, when the suit was brought; the demand for rent was premature; no *petitiam affectionis,* as to the potatoes, is shown to exist; no insolvency on the part of the defendant, or other probable cause of loss, or irreparable injury to the appellant.

HEYDENFELDT, Justice, delivered the opinion of the court. WELLS, Justice, concurred.

To obtain the injunction in this case, it was necessary for the bill of complaint to aver either the insolvency of the defendant, or that he is without any tangible property which could be made the subject of attachment or execution. Without either of these averments, the bill is too defective to sustain the order for an injunction and receiver.

The order of dissolution is affirmed, and the cause remanded for further proceedings.