MICHAEL A. THUL v. GODFREY OCHSENREITER.

April 28, 1898.

Nos. 11,041—(58).

Sham Answer—Motion to Strike Out—Counter Affidavits—Order Sustained by Evidence.

> On a motion to strike out an answer as sham, *held*, the court below was warranted in regarding the counter affidavits and conduct of defendant as evasive, and the evidence sustains the order striking out the answer.

Appeal by defendant from a judgment of the district court for Scott county, in favor of plaintiff for $179.35, entered in pursuance of the order of Cadwell, J. Affirmed.

*Charles R. Fowler*, for appellant.

*F. J. Leonard*, for respondent.

CANTY, J.

This is an appeal from a judgment entered on an order striking out the amended answer as sham.

The complaint is on a promissory note made by the defendant to plaintiff for the sum of $120.60. The original answer admitted the making of the note, and alleged as a defense to it that the consideration for it was the purchase price of spirituous and intoxicating

liquor sold by plaintiff to defendant in South Dakota, and that the sale thereof was illegal, and contrary to the constitution and laws of South Dakota. The plaintiff moved the court on three affidavits, one made by himself, one by his attorney, and one by one Moulton, to strike out this answer as sham. The defendant appeared on the hearing, but offered no counter affidavit, and the answer was ordered stricken out, "for the reason that the same does not state a defense to the cause set forth in the complaint," and defendant was given leave to file an amended answer. This he did.

The amended answer set up the same defense, but more fully. It alleges that the intoxicating liquor was so sold at the city of Webster, South Dakota, between January 1, 1891, and January 18, 1893, and sets out the sections of the constitution and statute of South Dakota which prohibit such sales.

Plaintiff on said affidavits, and on two additional ones made by himself, moved to strike out this answer as sham. One of said additional affidavits is included in the other, in which he states that the sole consideration for said note was the sum of $100, which he delivered to defendant to deposit for plaintiff in the bank at Shakopee, Minnesota, which defendant agreed to do, but did not do; $15, which plaintiff loaned defendant on or about October 8, 1892; and $5.60, which plaintiff paid to one Dr. Peabody at defendant's request. The statements in this affidavit are materially different from those contained in plaintiff's affidavits used on the first motion, and are more full and explicit.

Defendant on the second motion read two counter affidavits made by himself, in one of which he avers that the defense set forth by him in his amended answer is true, and that he has read the three affidavits used in support of the motion to strike out the original answer, and that they and each of them are false in so far as they relate to the consideration of said note. He includes in this affidavit all the statements in his other one. He did not in either of his affidavits refer to the two additional affidavits used by plaintiff on this motion. The court below was warranted in regarding this as an intentional evasion, and not a mere oversight. The court was also warranted in regarding defendant's affidavits as somewhat evasive in failing to go more into details as to the circumstances

attending the alleged sales of intoxicating liquor to plaintiff, and in regarding his position on the first motion as evasive, in that he failed to oppose that motion with any counter affidavits at all. Under these circumstances, we are not able to say that the court erred in striking out the amended answer.

Judgment affirmed.