WILLIAM HERTZ and Another v. MAURICE B. HARTMANN and Others.

November 29, 1898.

Nos. 11,312—(133).

Mechanic's Lien—Sham Answer—Amendment.

When disposing of a motion made by a plaintiff to strike out defendant's answer as sham, the court may take into consideration the quibbling and evasive character of defendant's counter affidavits.

Same.

Held, that the court below did not err when it struck out the answer of one of the defendants in this action as sham, and did not err when it afterward denied said defendant's motion for leave to file an amended answer.

Action in the district court for Ramsey county against Maurice B. Hartmann and Amozine V. Hartmann, Edward Sephton and Gust Larson. From a judgment entered against Amozine V. Hartmann for $123.68, pursuant to an order and findings of Willis, J., she appealed. Affirmed.

*Frederick W. Foot,* for appellant.

When the allegation of the answer or defense is fairly supported by the affidavits as against like affidavits on behalf of the plaintiff, it cannot ordinarily be said that the falsity of the answer is clear and indisputable. Wright v. Jewell, 33 Minn. 505; Barker v. Foster, 29 Minn. 166; Bliss, Code Pl. § 422. See also City Bank v. Doll, 33 Minn. 507. And, unless the falsity does appear clearly, an answer cannot properly be stricken out as sham. Wright v. Jewell, supra; McDermott v. Deither, 40 Minn. 86; Stevens v. McMillin, 37 Minn. 509; Smith v. Betcher, 34 Minn. 218; City Bank v. Doll, supra; Nelson Lumber Co. v. Richardson, 31 Minn. 267; Barker v. Foster, supra; Hayward v. Grant, 13 Minn. 154 (165); Morton v. Jackson, 2 Minn. 180 (219); Dobson v. Hallowell, 53 Minn. 98. Where part of the answer is sham, and another part is good, the court cannot strike out the whole and order judgment for the plaintiff. Schmitt v. Cassilius, 31 Minn. 7. Where it clearly and affirmatively appears that it would be in furtherance of justice, the

court should allow a party to amend his pleading previously stricken out as sham.   See Elliott, App. Proc. § 608;   Baxter v. Chute, 50 Minn. 164;   Bray v. Church of St. Brandon, 39 Minn. 390.

*M. L. Countryman,* for respondents.

COLLINS, J.

Appeal from a judgment in a mechanic's lien case in favor of the plaintiffs, subcontractors, and against defendant wife, owner of the property in question.   Upon motion of plaintiffs' counsel, and by written order, the court struck out the answer of defendant wife as sham, and then by another order denied her motion to set aside and vacate the first order, and to permit an amended answer to be interposed; and on this appeal the correctness of each of these rulings is challenged.

The judgment must be affirmed.   The complaint was in the usual form, alleging that both defendants (husband and wife) were the owners of the property, and the making of a contract for repairs and alterations on their dwelling house with one Sephton, a contractor.   That plaintiffs, as subcontractors, furnished labor and materials of the value of $71.08, at Sephton's request, and with defendants' knowledge, in and about said alterations and repairs. It was alleged that the last item of labor and material (a bill of particulars being made a part of the complaint) was performed and furnished September 23, 1897, and that the lien statement was filed in the proper office December 16, 1897.

The answer denied knowledge or information sufficient to form a belief as to whether plaintiffs performed the alleged labor or furnished materials of the value of $71.08, and therefore defendant wife denied the same.   The answer also denied that the last item was performed or furnished on September 23, "or at any time within the period of ninety days before the filing of said notice and claim of lien by the plaintiffs herein."   Really the only issue raised by the answer was as to when the last item (material furnished and labor performed) was so furnished and performed.   On affidavits, plaintiffs' counsel then moved to strike out the answer as sham, and, at the hearing, defendants' counsel presented and used counter affidavits; the result being an order granting the motion.   The motion

74 M.—21

of defendant wife for leave to file an amended answer was made immediately thereafter.

By one of the many affidavits it was shown that on September 23, as alleged in the complaint, one of the plaintiffs performed labor at the defendants' house, in putting in place certain registers and borders in connection with the furnace pipes. It seems to have been well established by the counter affidavits that these articles had been delivered at the house several days before this particular day, but no attempt was made to contradict or disprove the claim that they were actually placed in position on that day. In fact, several of the counter affidavits strongly tended to corroborate plaintiffs' assertion that the work of putting the registers and borders in position in the floors was actually performed on September 23. And in her own affidavit defendant wife came no nearer denying this assertion than to aver that the plaintiffs

"Did not on said date furnish and put in place said registers and borders, but that said registers and borders were furnished and delivered * * * as early as the last week in July or the first week in August."

This was an evasion. It was merely quibbling over the matter of when the articles were delivered at the house, and raised no issue as to when they were placed in position. When the registers and borders were brought to defendants' house was of no importance. The question was as to when the work and labor of putting them in place was performed; and, if it had not theretofore appeared from the moving papers that the answer of defendant wife was sham, she produced at the hearing abundant proof of that fact.

The quibbling and evasive character of the counter affidavits could properly be considered when disposing of plaintiffs' motion. See Thul v. Ochsenreiter, 72 Minn. 111, 75 N. W. 4. If by defendant's answer she intended to deny the value of the materials furnished and the work and labor performed, the averment was clearly bad as a negative pregnant, for the answer would have been technically true if plaintiffs' claim was a single cent too great.

Admitting, without deciding, that the proposed amended answer was an improvement upon its predecessor, the court below did not abuse its discretion when it denied defendant's motion for leave to

amend, made after the original answer had been shown to be sham and false, and had been stricken out for these reasons.

Judgment affirmed.