## ESTATE OF P. D. BECKWITH v. GOLDEN RULE COMPANY.[1]

May 28, 1909.

Nos. 16,034—(50).

**Error to Strike out Answer.**
> Action for the purchase price of goods. The answer presented the defense that plaintiff was a foreign corporation, had not complied with the statute, and that the sale took place within this state. *Held*, it was error to strike out the answer as false.

Action in the district court for Marshall county to recover $311.20 for goods sold and delivered. From an order, Grindeland, J., striking out the answer of defendant as sham and false and directing judgment for plaintiff as for want of an answer, defendant appealed. Reversed.

*Brown & Eckstrom and Welch, Hayne & Hubachek,* for appellant.
*Julius J. Olson* and *Rasmus Hage,* for respondent.

Lewis, J.

The complaint states that between the sixth day of May and the first of October, 1907, inclusive, respondent sold and delivered to appellant, at its special instance and request, goods, wares, and merchandise of the reasonable and agreed price of $311.20; that no part of the account had been paid; and judgment was demanded for

[1] Reported in 121 N. W. 427.

that amount. The answer admitted these allegations; stated that during all of the time mentioned in the complaint respondent was a foreign corporation, organized and existing under the laws of the state of Michigan; and alleged, on information and belief, that respondent had not complied with the provisions of sections 2888-2890, R. L. 1905. The answer further alleged that the sale and delivery of the property mentioned in the complaint was had within the state of Minnesota, and that all of the business with reference thereto was transacted within this state.

Respondent moved that the answer be stricken out as sham and false, and in support of the motion produced an affidavit which recited that it was a corporation organized, created, and existing under the laws of the state of Michigan, that it was a nonresident corporation of the state of Minnesota, "and that it was not 'doing business' therein within the intent and meaning of the statute pleaded by the defendant in its answer filed in the above-entitled action; that its method of doing business consists only of sending drummers or traveling salesmen into the state of Minnesota, as well as into nearly all other states of the United States, to solicit business for the sale of goods owned and kept by the said Estate of P. D. Beckwith, Incorporated, at Dowagiac, Cass county, Michigan, and that the goods, wares, and merchandise so sold by the drummers or traveling salesmen in behalf of the said corporation are shipped from said Dowagiac, Cass county, Michigan, to its customers so secured, in the state of Minnesota, as well as other states, and not otherwise; that the said Estate of P. D. Beckwith, Incorporated, claims a right to carry on and conduct its business as above set forth under and by virtue of the law of interstate commerce. Further affiant states that the goods, wares, and merchandise sold and delivered to the said defendant herein, as in the complaint set forth, were so sold and delivered in accordance with the methods of doing business hereinbefore set forth, and not otherwise." Appellant filed no counter affidavits, and the trial court granted the motion. No reply was served.

The place of the sale having been put in issue by the answer, it was then incumbent upon respondent, in support of its motion, to show by undisputed evidence that the sale did not take place within

the state of Minnesota. This could have been done by setting forth the specific facts regarding the sale, in order that the court might judge where the sale took place. The affidavit consists of general statements and conclusions. The answer presented a specific issue as to the place of the sale, and it was not incumbent upon appellant, upon hearing of the motion, to assume the burden of showing that the sale took place within this state. An answer may be stricken out as false, or sham, in those cases only where it is clear and undisputed that there is no issue of fact to be determined by trial. State v. Weber, 96 Minn. 422, 105 N. W. 490, 113 Am. St. 630; Brown-Forman Co. v. Peterson, 101 Minn. 53, 111 N. W. 733.

Reversed.