## N. MINERVA TOWNE v. NELSON F. DUNN.[1]

June 7, 1912.

Nos. 17,579—(102).

**Striking out sham pleading — discretion of court.**

. A trial court, on motion, may strike out as sham a verified pleading, if its falsity is clearly and indisputably shown. Where the moving affidavits make a clear prima facie case of falsity, the motion will, ordinarily, be granted, unless it is met by counter affidavit, or other form of proof, which is not quibbling and evasive. Upon striking out a pleading as sham, it is a matter of discretion to be exercised by the trial court whether an amended pleading may be served.

**Same — denying motion to amend.**

The court in this case did not err in striking out the answer as sham, nor abuse its discretion in denying defendant's motion to amend.

Action in the district court for Hennepin county to recover $200 for services. The answer, on plaintiff's motion, was stricken out as sham and frivolous, and judgment ordered in favor of plaintiff for the amount demanded, Montgomery, J. Defendant's motion that plaintiff show cause why he should not be allowed to file an amended answer was denied, C. L. Smith, J. From the judgment entered pursuant to the order, defendant appealed. Affirmed.

*H. C. Flannery* and *Henry W. Volk*, for appellant.

*Lane & Malmberg*, for respondent.

START, C. J.

Appeal by the defendant from a judgment of the municipal court

[1] Reported in 136 N. W. 562.

of the city of Minneapolis. The errors assigned are that the trial court erred in granting plaintiff's motion to strike out the answer on the ground that it was sham and frivolous, and in denying defendant's motion to amend his answer.

The complaint, which was duly verified by the plaintiff, alleged that she was engaged in the business of giving treatment as a masseuse, and that between August 1 and December 1, 1908, she performed for the defendant, at his special request, labor and services as such masseuse, which were of the reasonable value of $200, no part of which had been paid. The defendant, before answering, demanded a bill of particulars, and the plaintiff served what purported to be one, stating the number of treatments, and the value thereof, given in each of the months of August, September, October, and November, 1908, but did not otherwise specify the time when such services were rendered.

The defendant's answer, verified by his attorney, was a general denial. He also objected to the bill of particulars as indefinite, and demanded a further one setting forth the specific dates upon which the alleged services were rendered. He gave notice of a motion returnable October 6, 1911, for an order requiring the plaintiff to serve a further bill of particulars. It does not appear from the record what disposition was made of this motion, but it is not here material.

The plaintiff gave notice of a motion, returnable at the same time as defendant's motion, for an order striking out the defendant's answer as sham and frivolous. The motion was based on the complaint, answer, records, and files in the action, and two affidavits, her own and that of Laura Smith. The plaintiff's affidavit was to the effect that at the defendant's request she gave him treatments at the rate of eight to fifteen in each month, as more fully appeared in the bill of particulars then on file, and by reference made a part of the affidavit; that the reasonable value of the services was $200, no part of which had been paid. The other affidavit was to the effect that affiant knew the parties to the action, that she saw the defendant at the plaintiff's place of business during the months specified in the bill of particulars, and knew of her own knowledge

that he was at such times taking massage treatment from the plaintiff. The defendant, in opposition to the motion, presented his own affidavit only, which was to the effect that he had read the affidavit of Laura Smith, and "that to the best of affiant's knowledge he does not know or is not acquainted with, nor has he ever known or ever been acquainted with, said Laura Smith." Upon this showing the trial court struck out the answer as sham, and ordered judgment in favor of plaintiff for the amount claimed.

Thereafter defendant made a motion for leave to serve an amended answer, which admitted that during the month of August he did receive several treatments from plaintiff, and alleged that they were given in payment of an indebtedness due from her to him, and denied that, otherwise than stated, he ever promised to pay her for such services. Except as thus admitted, the proposed answer denied the allegations of the complaint. This motion was also denied.

Thereafter judgment, which recited that the court, after hearing evidence, made its findings and order for judgment, was entered in favor of the plaintiff for the amount claimed.

The first question is whether the trial court was justified in striking out defendant's answer as sham. The right of the court, on motion, to strike out a verified pleading as sham, if its falsity is clear and indisputable, is firmly settled by the decisions of this court. Where affidavits in support of the motion make a clear prima facie case of falsity, the motion will, ordinarily, be granted, unless it is met by counter affidavit, or other form of proof, which is not quibbling and evasive. Thul v. Ochsenreiter, 72 Minn. 111, 75 N. W. 4; Hertz v. Hartmann, 74 Minn. 320, 77 N. W. 232; State v. Weber, 96 Minn. 422, 105 N. W. 490, 113 Am. St. 630; Beckwith v. Golden Rule Co. 108 Minn. 89, 121 N. W. 427.

Testing the record by this rule, it is clear that the order striking out the answer was correct. It is true that the general denial in the answer tendered an issue as to the alleged services and the reasonable value thereof. The affidavits, however, upon which the motion was also based, made a clear prima facie case of the falsity of the answer, and the defendant was called upon to meet it. He attempted to do so, not by frankly challenging the truth of any

118 M.—10.

statement in the moving affidavits, but by the quibble that to the best of his knowledge he did not know Laura Smith. He must, from the nature of the services, have personally known whether the services or any part thereof had been rendered, and it is apparent that he was paltering with the administration of justice when he made his counter affidavit. We hold that the court did not err in striking out the answer.

Upon striking out the answer as sham, it is a matter of discretion to be exercised by the trial court whether an amended answer may be served. First National Bank of St. Cloud v. Lang, 94 Minn. 261, 102 N. W. 700. The record does not show any abuse of discretion by the trial judge in denying the motion to amend the answer.

Judgment affirmed.