JOHN S. MOORE, APPELLANT, V. LETTA F. BRITIZUS ET AL., APPELLEES.

FILED NOVEMBER 13, 1912.   No. 16,815.

Deeds: CANCELATION: EVIDENCE. In a suit in equity to cancel a deed as having been procured by undue influence and by promise of services never performed, decree in favor of defendant affirmed as being a proper determination of the issues under the evidence.

APPEAL from the district court for Boone county: JAMES N. PAUL, JUDGE. *Affirmed.*

*H. C. Vail,* for appellant.

*W. L. Rose* and *W. F. Critchfield, contra.*

ROSE, J.

The relief sought by plaintiff is the cancelation of a deed to a quarter-section of land in Boone county. It was executed October 17, 1900, and promptly delivered. Plaintiff was grantor, and his daughter, Letta F. Moore, now Letta F. Britizus, was grantee. At the time he was a widower, 71 years old. He had a number of children, but all were married or absent except grantee, who remained single until she was 30. In 1903 she married and moved to South Dakota. Three years later she went to California, where she still resides. In the deed grantee reserved the right to use and occupy the premises during the remainder of his life, and exercised that right nine years

before bringing suit. Plaintiff alleged, and attempted to prove, that he was infirm in body and mind, that his daughter unduly influenced him to execute the deed by promising to remain at home with him and to care for him during the remainder of his life, and that she failed to keep her promises. Grantee denied undue influence or fraud, pleaded that the deed was executed for a valuable consideration paid in other lands and in a valid note, and that the condition alleged in the petition was no part of the transaction, though she never refused to provide a home for her father. The trial resulted in a dismissal of the suit, and plaintiff has appealed.

The question presented by the record is: What does equity require under the evidence? After a careful consideration of the proofs of both parties, the conclusion is unanimous that there must be a finding in favor of grantee on all the controverted issues. It follows that the decree below is without error.

AFFIRMED.