COCHRAN-SARGENT COMPANY v. WALTER FOOTE AND ANOTHER, COPARTNERS AS FOOTE & HAGENSON.[1]

January 2, 1920.

No. 21,565.

**Pleading — striking out sham answer.**

Action for goods sold and delivered, the complaint alleging that defendants were indebted to plaintiff. Answer was a general denial. Motion to strike out the answer as sham, supported by affidavits that one of defendants had exhibited to plaintiff's treasurer a list of defendants' creditors, showing the amount owed to each, in which plaintiff's debt was shown to be slightly greater than that claimed by the complaint. The counter affidavit of one of the defendants stated that the list was prepared by their bookkeeper, had not been checked, and they did not admit its correctness; that defendants' attorney advised them they had a good defense to the action, "or at least to a portion thereof." *Held*: The court did not err in striking out the answer as sham. [Reporter.]

Action in the district court for Wabasha county to recover $326.21 for goods sold and delivered. From an order, Callaghan, J., striking out defendants' answer as sham, they appealed. Affirmed.

[1] Reported in 175 N. W. 538.

*George H. Hammond*, for appellants.
*Kinney & Phillips*, for respondents.

PER CURIAM.

Appeal from an order striking out defendants' answer as sham.

Plaintiff sued to recover for goods sold and delivered, alleging that defendants were indebted to it on account thereof. The answer was a general denial. Plaintiff moved to strike out the answer as sham, supporting the motion with affidavits. It appeared from the affidavits that, shortly before they were sued, one of the defendants had exhibited to plaintiff's treasurer a list of creditors, showing the amount owing by defendants to each creditor, and had represented that they were having difficulty in paying their indebtedness, and proposed to make monthly payments if their creditors would grant them an extension. Plaintiff's claim was listed at an amount slightly in excess of the amount claimed in its complaint. It also appeared that at another time and place both of the defendants had exhibited the same or a similar list of creditors to another person with a like request, and that it contained the same entry as respects plaintiff's claim.

Defendants filed an affidavit made by one of them, stating that their attorney had advised them that they had a good defense to the action, "or at least to a portion thereof." It was further stated that the list referred to in the affidavits offered by plaintiff was prepared by defendants' bookkeeper and that they had not checked it over and did not admit its correctness. The order striking out the answer provided that defendants, if so advised, might serve and file an amended answer. Within the rule stated in Towne v. Dunn, 118 Minn. 143, 136 N. W. 562, the trial court was justified in striking out the answer as sham. Order affirmed.