## GEORGE FRIEND AND ANOTHER v. CHARLES FRIEND, JR., AND OTHERS.[1]

January 18, 1924.

No. 23,592.

**Sham reply stricken.**
1. Record examined and *held* that a reply was properly stricken as sham, irrelevant and frivolous.

**Caution necessary in granting motion to strike.**
2. Motions to strike as sham, frivolous, or irrelevant must be cautiously granted.

**Final decree of probate court conclusive, when.**
3. Final decree of the probate court is conclusive as to the parties when no appeal is taken.

**Pleading equitable estoppel.**
4. A pleading does not invoke the doctrine of equitable estoppel when the pleader does not show that he has relied upon the alleged conduct or that he has been led thereby to change his position for the worse.

**No change of theory by respondents.**
5. Record examined and *held* that respondents have not violated the rule prohibiting the shifting of position.

Action in the district court for Ramsey county for an accounting by defendant corporation and defendant stockholders and officers therein. The exhibits attached to the complaint are referred to in the fifth paragraph of the opinion. From an order, Michael, J., granting the motion of certain defendants to strike out plaintiffs' reply and for judgment on the merits as for want of a reply, and from the judgment, plaintiffs appealed. Affirmed.

[1]Reported in 196 N. W. 814.

, *Hayden N. Bell, Frank O. Campe* and *Axel A. Eberhart*, for appellants.

*Harry Weiss* and *Mitchell, Doherty, Rumble, Bunn & Butler*, for respondents.

WILSON, C. J.

. Charles Friend, Sr., who lived in St. Paul, died intestate in October, 1900, leaving surviving him, his widow, Josephine Friend, and 8 children. His will gave his entire estate to his widow for life, with the remainder in equal shares to the children. Charles Friend, Jr., and the widow were named as executors. The will was admitted to probate in Ramsey county in December, 1900, and in June, 1913, the final accounts of the executors were allowed and a final decree of distribution entered.

. The widow, Josephine Friend, died November 22, 1918, testate, leaving surviving her 5 children, 3 having meanwhile died. In her will she named her son Herman as executor, made some bequests to charity and to the children, and gave all the residue of her estate to her son Charles Friend. Her will was admitted to probate in the probate court in December, 1918, and after an appeal and contest, was finally admitted to probate by the district court in February, 1920; the final accounts of the executor were allowed April 26, 1920, and the final decree was entered on that day.

The plaintiffs are two of the children of Charles Friend, Sr.

At the time of the death of the father, he and his son Charles were copartners engaged in a saddlery business under the name of Charles Friend & Son. After his death some of the heirs, in about the year 1909, caused a corporation to be organized to take over and operate said business under the same name.

This action was brought in March, 1921, to recover certain alleged assets of the estate of the father, and certain alleged assets of the estate of the mother. It is claimed that the mother accumulated a large estate from the income of the father's estate. Attached to the complaint, as Exhibit B, is an instrument in writing executed and acknowledged by Josephine Friend, in the presence of two wit-

nesses, on June 3, 1913, and recorded in the office of the register of deeds of Ramsey county on June 17, 1913, wherein she conveys to Charles Friend, Jr., and Herman A. Friend all her right in all the property owned and possessed by her husband at the time of his death, and also the property accumulating to her from the income from that estate up to that date. These two sons gave their mother a written agreement promising to pay her such money as she might require or demand for maintenance not to exceed $2,500 per year. This agreement is Exhibit C to the complaint.

The complaint alleges Exhibit B to be void because of fraud exercised by the two grantees therein over their mother while in a fiduciary relation to her and her property; and that the same was without a valuable consideration, and that the mother was not a party to Exhibit C, and that the same was never delivered to her.

The complaint alleges that the mother died intestate at the age of 82, and that the two sons, grantees in Exhibit B, are now in control of all the property. The prayer of the complaint is for an accounting in reference to all property owned by the father at his death, and all the income therefrom to the time of commencing the action; asking Exhibits B and C to be decreed to be void; and that accumulated property of Josephine Friend be distributed among her heirs.

Defendants answering say that Emma Bork, one of the plaintiffs, in August, 1910, joined with another in a verified petition to the probate court in the matter of the father's estate, claiming that the assets of said estate had been wrongfully turned over to the above mentioned corporation, and seeking to have the same restored to said estate; that the executors, complying with the order of that court, filed their account to which Emma Bork filed objections; that an auditor's report on said estate was filed with said probate court, and Emma Bork again filed objection thereto; that a hearing was duly had on said accounts to which the other plaintiff George Friend also filed objections, and he also sought to have the assets of the corporation restored to said estate; that on June 26, 1912, the probate court made its order approving of said accounts of the executors and

duly allowed the same; and the adverse decision in that matter is pleaded as a former adjudication against the plaintiffs.

Said answer further says that on June 4, 1913, an order was duly made by said probate court settling and allowing the final accounts of said executors and thereupon a final decree was entered distributing said estate and that said order and decree remain final and binding upon all the parties and the same is pleaded in bar to the prosecution of the matter alleged in plaintiffs' complaint.

The answer also says that in December, 1911, plaintiff George Friend brought an action in the Federal court against Charles Friend, Jr., and other members of the family seeking a decree requiring such defendants and said corporation to turn the assets of said corporation over to said estate. Emma Bork, being a defendant therein, answered and admitted the claims of the plaintiff therein; the other defendants answered and resisted that action. That on May 10, 1912, all of the matters in controversy (other than with Emma Bork) were fully settled, compromised and adjusted, and, pursuant to stipulation, said suit was dismissed on the merits and with prejudice as to George Friend.

The answer further says that soon after the commencement of said Federal court suit, the heirs of said Charles Friend, Sr., made a settlement involving various angles but including, on May 16, 1912, the purchase by Frank R. Friend of the interest of said George Friend of all interest in the estate of his father for the sum of $12,-000, and it is alleged that this transaction included a full settlement with all parties including Joseph Friend.

It is further alleged in the answer that Emma Bork consented to Frank R. Friend acquiring the interest of George Friend; that on April 7, 1913, Emma Bork sold to Charles Friend, Jr., and Herman A. Friend for $22,000 all her interest in the property belonging to the estate of Charles Friend, Sr., except as to one piece of real estate which the other parties were to convey to her; and in consideration of such settlement she agreed to dismiss all proceedings instituted by her in probate court and to withdraw all objections to the allowance of the executors' accounts therein.

The answer says that Frank R. Friend died testate November 16, 1912, and his share passed to Charles Friend, Jr., Albert V. Friend and Herman A. Friend; that Albert V. Friend died testate December 2, 1912, and his share passed to Charles Friend, Jr., and Herman A. Friend; that on November 11, 1902, William G. Friend died intestate, leaving as his sole heir his widow, Carrie Friend, who thereafter, and on July 2, 1917, sold her interest to Josephine Friend for $8,000; that on November 8, 1912, she conveyed this interest, so acquired, to Charles Friend, Jr., Frank R. Friend, Albert V. Friend, Herman A. Friend and Emma Bork; that this purchase was made with funds belonging to said estate with the approval of all concerned.

The answer says that on November 22, 1918, Josephine Friend, being a resident of St. Paul, died testate, and that on December 30, 1918, her will was presented for probate; that on May 26, 1919, plaintiffs appealed from an order of the probate court admitting her will to probate; that they objected to the will and the appeal was tried in district court and on February 13, 1920, judgment was entered affirming the order of the probate court allowing the will; that on April 26, 1920, the final account of the executor was allowed and a final decree of distribution was entered.

Attached to the answer are copies of the various papers above mentioned; and the answer alleges that these various things estop and bar plaintiffs from prosecuting this action. The answer says Exhibits A, B and C are valid and binding.

Plaintiffs' reply denied that they are barred by the proceedings had by them in probate court and, on the appeal in district court, in reference to the acts of the executors of the estate of Charles Friend, Sr., it denies the validity of Exhibits B and C; it says that all the settlements made by plaintiffs had reference exclusively to the property of the estate of the father; and that they never negotiated or made any adjustment in reference to the property owned by Josephine Friend. It admits that plaintiffs contested the will of their mother and attaches copy of their objections which they filed, and says that in said proceedings Charles Friend, Jr., and

Herman A. Friend introduced in evidence Exhibits B and C, above referred to, and relied thereon as evidence of their ownership of the accumulated rents and profits of the property given by the father's will to the mother; that they then and there and thereby procured a ruling of the court in said trial favorable to them, to the effect that such evidence relating to such rents and profits and accumulations thereof were incompetent and immaterial in the contest of said will, and because thereof prevailed in probate court, and hence are now estopped from claiming to own any of such rents under the will of the mother. The reply denies that their claims have ever been settled or adjudicated.

The defendants moved to strike out the reply as sham, frivolous and irrelevant, and for judgment on the merits for want of a reply. This motion was granted and from the order and the judgment entered pursuant thereto, plaintiffs have appealed.

Upon argument, appellants' counsel conceded, as they do in substance in their brief, that this action is now pressed solely for the purpose of reaching the interest of Josephine Friend in the accumulated rents and profits accruing from her husband's estate; and, no effort or claim is now made to reach the property owned by the father at the time of his death.

The substance of this reply, in brief, which has been stricken, is (1) a denial of former adjudication as to the transfer of assets of the father's estate to the corporation; (2) it then alleges that when the will of Josephine Friend was offered for probate the plaintiffs objected to the same, because: (a) It was not executed by decedent; (b) it was not the last will of decedent; (c) when decedent signed the same she was not of sound mind, and incompetent to make a will; (d) at the time decedent signed the same she was under undue influence of Charles Friend and Herman A. Friend; and (e) fraud.

The reply then says that Charles Friend, Jr., and Herman A. Friend, upon the hearing of the proof of the will of the mother, introduced in evidence Exhibits B and C and further in reference thereto says that they

"then and there and thereby relied upon said instruments as evi-

dence of their ownership of the accumulated rents and profits of the property willed by the said Charles Friend, Sr., to the said Josephine Friend, during her life. And then and there and thereby claimed the ownership of said rents and profits and the accumulations thereof by reason of said instruments, and then and there and thereby procured a ruling of the court in said trial, that all evidence relating to such rents and profits and accumulations thereof were incompetent and immaterial in the contest of said will or the validity of the residuary clause thereof, and then and there and thereby, by reason of such claim, procured a favorable decision and determination of said trial by reason whereof, the said defendant, Charles Friend, Jr., and Herman A. Friend, are now estopped from claiming said rents, profits or the accumulation thereof or any part thereof, under the last will and testament of the said Josephine Friend or the residuary clause of said will."

1. The appellants have heretofore had their day in court upon the alleged misconduct in reference to the organization of the corporation and the transfer of assets of the father's estate to this corporation. This matter has been litigated and determined adversely to the appellants, and the denial of such former adjudication is obviously untrue and is therefore sham. We do not aim to suggest that it was interposed in bad faith; but, being untrue in fact, it is sham. State v. Weber, 96 Minn. 422, 105 N. W. 490, 113 Am. St. 630. On this feature of the case nothing remained for determination upon trial, and, insofar as this denial in the reply is concerned, the court was right in striking it out as sham. Estate of P. D. Beckwith v. Golden Rule Co. 108 Minn. 89, 121 N. W. 427; Towne v. Dunn, 118 Minn. 143, 138 N. W. 562; Sheets v. Ramer, 125 Minn. 98, 145 N. W. 787; O'Donnell v. Lesselyoung, 150 Minn. 318, 185 N. W. 289. In view of our conclusion in the second division of this opinion, this denial also becomes irrelevant and frivolous.

2. We have set forth the nature of the objections which appellants plead in their reply as having been by them lodged against their mother's will. Exhibits B and C were, in the trial on these objections, offered in evidence. If they had any materiality in that

trial it was in reference to the competency of the testatrix. The reply says that Charles and Herman relied upon Exhibits B and C as evidence of their ownership, but obviously they were at that time in the very act of upholding the mother's will containing a residuary clause in favor of Charles. It alleges that by reason of these exhibits these two sons procured a ruling of the court that all evidence relating to the rents and profits was incompetent and immaterial in the contest of the will or the validity of the residuary clause thereof. The court was doubtless right in its ruling, but obviously such ruling was not because of these exhibits, but, if it was, the reason which prompted the court to make such ruling would be immaterial here. Appellants were parties to that trial and had the right of an appeal which they did not exercise. They permitted the matter to go to judgment, which is in the record here as Exhibit 41, and the estate fully probated and a final decree was thereafter entered decreeing the property according to the terms of the will. No appeal was taken; and this decree is now conclusive against all the parties hereto. Such a decree, being in rem, has additional characteristics (1 Dunnell, Minn. Dig. § 3660), which do not here require consideration.

Appellants seek to evade the consequences of these proceedings in the mother's estate by invoking the doctrine of estoppel by pleading that the conduct of their brothers, Charles and Herman, in putting Exhibits B and C in evidence in the proceedings in the mother's estate as evidence of ownership, they cannot now be heard to say that the property therein referred to may be held by Charles Friend by virtue of the residuary clause in the mother's will.

This does not invoke the doctrine of equitable estoppel because the appellants do not claim to have in good faith relied upon the conduct of the respondents and do not claim that they, the appellants, have been led thereby to change their position for the worse. Dimond v. Manheim, 61 Minn. 178, 63 N. W. 495. The authorities cited by appellants go more to the rule prohibiting the shifting of positions. This doctrine rests largely upon the principle that it results in prejudice to the party who acquiesces in the position first

taken. Behrens v. Kruse, 121 Minn. 90, 140 N. W. 339. In fact the court may be misled and as well said in Moquist v. Chapel, 62 Minn. 258, 64 N. W. 567, "having submitted his case upon one theory of the law and facts, a party cannot complain if it is correctly decided according to that theory, or be afterwards heard to say, if some other theory had been presented, it should have been decided differently." The decision in Tozer v. Ocean A. & G. Corp. 94 Minn. 478, 103 N. W. 509, cited by appellants, rests on the doctrine of estoppel. This court has repeatedly held that, where a party has tried his case on one theory of the law and consented to its submission to the jury on that theory, he cannot afterwards claim a new trial, at least as a matter of right, on the ground that such theory was erroneous. Engler v. Schneider, 66 Minn. 388, 69 N. W. 139; Lindquist v. Gibbs, 122 Minn. 205, 142 N. W. 156.

The instant case does not come within the rule stated in any of these decisions. Respondents have never been called upon to make any election. They have not assumed inconsistent positions. They claim to own certain property; they claim title by virtue of Exhibits B and C; they claim title to a part by virtue of the will of their mother and the decree of the probate court in her estate. If, for any reason, their title to the property covered by these exhibits is defective, there is nothing before the court to prevent their claiming it by virtue of some other act of the mother which in this case would be the will, and the final decree. The record fails to show any estoppel or any shifting of positions that is available to appellants. Respondents never used either of their claims of right to the property involved, or any part of it, inconsistently or antagonistically to the other. The appellants have not been led to change their position for the worse by any act of the respondents. Neither has the court been misled thereby.

We conclude the allegations in the reply above quoted, related to an immaterial matter, and that, granting the truthfulness of every statement of fact therein made, it fails to state any defense to the affirmaive allegations of the answer. This part of the reply is irrelevant and frivolous. Krahn v. J. L. Owens Co. 136 Minn. 53, 161 N. W. 257. Its ultimate conclusion to the effect that the facts pleaded

constitute an estoppel is untrue and in that respect the pleading is sham.

The trial court must grant such motions cautiously, but we feel that the court, in this case, was well within its discretionary power, and that its conclusion was right.

Order affirmed.