INVESTORS SECURITY COMPANY v. HORACE A.
BOHANON.[1]

October 15, 1926.

No. 25,515.

**Proper to strike out answer when plaintiff's denials were not fairly met in
defendant's affidavit.**

Answer stricken as sham. It alleged as a defense that plaintiff,
a corporation, had made false representations as to the quantity of
sand on property purchased by defendant for a sand pit. Plaintiff's
officers each specifically denied making any representations as to the
quantity of sand thereon. The opposing affidavit merely reiterated
the allegations of the answer without showing when, where, in what
manner or by what representative of plaintiff the alleged representa-
tions were made. *Held* that the court was justified in holding that
the showing made by plaintiff had not been fairly met.

Pleading 31 Cyc. p. 623 n. 87; p. 629 n. 23.

Action in the district court for Hennepin county to recover bal-
ance due upon a promissory note. Defendant appealed from an
order, Salmon, J., striking out the answer and counterclaim as sham
and frivolous. Affirmed.

*Joss, Ohman, Fryberger & Parker*, for appellant.
*Wendell Hertig*, for respondent.

TAYLOR, C.
This is an appeal from an order striking out an answer and coun-
terclaim as sham and frivolous. Defendant is engaged in the busi-
ness of excavating and marketing sand and gravel. In October,
1922, he entered into a contract with plaintiff for the purchase of
six lots in the city of Minneapolis for the sum of $7,000 of which he
paid $500 in cash and for the remaining $6,500 gave four promissory
notes of $1,625 each, payable respectively in one, two, three and

[1]Reported in 210 N. W. 590.

four years. It was understood that he was buying the property for a sand pit and the contract gave him the right to remove and sell sand as he saw fit, but required him to make monthly payments to plaintiff of 25 cents per cubic yard for the sand so removed, such payments to be applied upon the purchase price. Defendant took possession of the property and operated it as a sand pit for about three years, and during this period made the payments required by the contract. The sum of $211.25 paid on account of sand removed was credited on the note payable in 1925 before it was due. Nothing further was paid, and after the note became due this suit was brought to collect the remainder thereof. The amount due is admitted.

Defendant alleged in his answer that at the time of making the contract plaintiff represented that the property had been explored for sand and gravel and contained 60,000 cubic yards of merchantable sand and gravel; that these representations were false and known to be false when made; that he had removed 25,000 yards of sand and gravel; that the quantity remaining did not exceed 5,000 yards; and that the property would have been worth the purchase price of $7,000 if it had been as represented but was worth only $3,000 in its actual condition at the time of the sale. He set forth his claim for damages as a defense to the note and also asserted a counterclaim for the amount previously paid in excess of $3,000. In its reply plaintiff denied making any of the representations charged.

In support of its motion to strike, plaintiff presented the affidavits of its three officers, each specifically denying that he had made any of the representations charged in the answer. The dealings with defendant were conducted on behalf of plaintiff by its president, and in his affidavit he set forth in detail the negotiations which resulted in the contract and also the subsequent transactions between the parties under the contract. In his opposing affidavit, defendant, by reference, made the allegations of the answer a part thereof and reasserted "that the plaintiff did represent to affiant that explorations had been made and that there were sixty thousand (60,000) yards of sand therein."

Plaintiff is a corporation and can act only through its officers or agents.

Defendant's affidavit is unsatisfactory in that it fails to show what officer or agent of plaintiff made the representations claimed, and fails to show anything as to when or where they were made, or the circumstances under which they were made, or the language used in making them. He contents himself with the bare statement that plaintiff, a corporation, represented that the property had been explored and that it contained 60,000 yards of sand.

The pleadings are sufficient to raise an issue for trial, and therefore the answer cannot be stricken as frivolous. May it be stricken as sham? A sham answer is one good in form but false in fact. An answer may be stricken as sham where it appears that there is no substantial ground for asserting the existence of the facts constituting the alleged defense.

"If the affidavits in support of the motion make a prima facie case of the falsity of the pleading, the motion will ordinarily be granted, unless the showing is met by counter-affidavits or other form of proof, free from evasion, which make it clear that there is an issue to be tried."

Knudson v. Pederson, 166 Minn. 360, 208 N. W. 8; Bank of Richards v. Sheasgreen, 153 Minn. 363, 190 N. W. 484; Towne v. Dunn, 118 Minn. 143, 136 N. W. 562.

The present case approaches the border line, and if the trial court had sustained the pleading it is doubtful if this court would interfere. But the trial court declared the answer sham, and we are unable to say that it was not justified in holding that the showing made by defendant was evasive and failed to meet fairly the showing made by plaintiff. Each of the officers of plaintiff who had come in contact with defendant stated definitely and positively that he had made no statement or representation whatever concerning the quantity or quality of the sand on the property. We think that the showing made by plaintiff was sufficient to call upon defendant to disclose the officer or representative of plaintiff whom he claims

made the representations, and to show something as to how, when and under what circumstances he claims that they were made. Nothing of this sort was attempted. On the record as it stands, we feel constrained to sustain the order and it is affirmed.