# WASHINGTON LUBRICATING COMPANY, INC. v. AMERICAN SALES SERVICE, INC. AND ANOTHER.[1]

June 1, 1928.

No. 26,700.

**Sham answers were properly stricken and judgment on pleadings was correct.**

Answers *held* properly stricken as sham and frivolous and judgment properly ordered for plaintiff where record makes it appear that no real issue was tendered.

Pleading, 31 Cyc. p. 621 n. 72; p. 629 n. 23.

Action in the district court for Hennepin county upon five trade acceptances drawn upon the defendant sales company and indorsed by the defendant Julia M. Terwilliger. The answers of both defendants were stricken as sham and frivolous and judgment, Waite, J. rendered for the plaintiff, from which the defendant Terwilliger appealed. Affirmed.

*H. F. Schultz* and *Stanley B. Houck,* for appellant.

*Frank E. Clinite,* for respondent.

STONE, J.

Plaintiff is a corporation of the state of Washington. In June, 1926, it sold a quantity of roof preservative and lubricants to defendant American Sales Service, Inc. a corporation doing business at St. Paul. The purchase price was covered by trade acceptances, five in number, which were indorsed by defendant Julia M. Terwilliger for the accommodation of the purchaser. This suit is brought upon the acceptances. The answers of both defendants were stricken as sham and frivolous, and judgment was ordered and entered against them on the pleadings. Defendant Terwilliger alone appeals.

[1] Reported in 219 N. W. 764.

There must be an affirmance because we find in the record no indication of any genuine issue for trial. The goods in question were all accepted, retained for months, and in part disposed of by the sales service company, the purchaser. The record is conclusive that defendant Terwilliger was cognizant of the transaction from the beginning. Some of the goods were subjected to tests with which, according to her own affidavit, appellant was "displeased." That alone speaks persuasively of her intimate connection with the transaction with which now she seeks to disconnect herself. Months after the purchase of the goods and their receipt by her codefendant, November 24, 1926, to be exact, she wired plaintiff at Seattle that she was "reorganizing" the service company and would "go on with contract." Further analysis of the record is useless. Taken as a whole it precludes a conclusion that there is enough merit in the averments of fraud inducing appellant's indorsement of the acceptances to produce an issue on that point. In coming to that conclusion we go beyond the protestations of her affidavits after this suit was started and consider her conduct before she was sued. It is conclusive against her.

Another defense tendered was that plaintiff was a foreign corporation which had never been domesticated in this state and so was not entitled to sue. Its showing in that respect is that it has never engaged in business in this state but is a foreign corporation and that its sales which resulted in the acceptances now in suit were interstate transactions. The proof in that behalf is convincing, and there is no showing to the contrary. Therefore, so far as that defense is concerned, the order striking the answer is easily justified. Investors Sec. Co. v. Bohanon, 168 Minn. 471, 210 N. W. 590.

A third alleged defense is that the goods were adulterated and misbranded contrary to the provisions of G. S. 1923, §§ 3936-3940. If we indulge the somewhat doubtful conclusion that the answers sufficiently plead adulteration or misbranding, we are met again by a showing for plaintiff which, uncontradicted as it stands in the record, is conclusive.

Judgment affirmed.