# ESTHER M. RIETHMULLER v. BARNEY BURTON.[1]

January 11, 1929.

No. 27,081.

See note in 48 L.R.A.(N.S.) 766; 10 R. C. L. 697; 2 R. C. L. Supp. 1045.

*A. X. Schall, Jr.* and *J. H. Green,* for appellant.

*Ell M. Roston,* for respondent.

[1]Reported in 222 N. W. 929.

OLSEN, C.

Appeal by plaintiff from an order denying her alternative motion for judgment notwithstanding the verdict or for a new trial.

Plaintiff leased to the Burton-Elson Company, a corporation, certain premises in Minneapolis, this state, for a term of two years and nine months, commencing September 1, 1922, at a rental of $225 per month, payable monthly in advance on the first day of each month. The lease contained the usual provision that the lessee should not sublet the premises or assign the lease without the written consent of the lessor. The lessee went into possession and occupied the premises and paid the rent therefor up to October 1, 1923. Some time prior to that date the Burton-Elson Company assigned the lease to one Albert Lipsky, under which assignment he went into possession of the premises on October 1, 1923, and remained therein until he failed and went into bankruptcy in December, 1924. It was necessary to obtain plaintiff's written consent to the assignment of the lease, and at the time of the assignment application was made to plaintiff for such consent. Plaintiff gave her written consent thereto on condition that defendant, Barney Burton, president of the Burton-Elson Company, guarantee the payment of the rent and the performance of the conditions of the lease by Lipsky. Defendant thereupon gave such guaranty in writing. Lipsky properly paid the rent up to March 1, 1924. He defaulted in payment of the rent for March of that year and for subsequent months, but made three subsequent past due payments, carrying the payments up to June 1, 1924. He made no payment of any rent for the 12 months commencing June 1, 1924. This action was brought, upon defendant's guaranty, to recover the rent for that 12-month period. Plaintiff recovered the rent for the six-month period from December 1, 1924, to the expiration of the lease, May 31, 1925, but was denied recovery for the period from June 1 to December 1, 1924, on the ground of estoppel, as hereinafter stated. She appeals from the refusal of the court to grant judgment notwithstanding the verdict for the rent for this additional period or to grant a new trial.

The only issue submitted to the jury was whether plaintiff was estopped from recovering the rent for the six-month period in question, and the jury found for defendant on that issue.

■ It is urged that the allegations of the answer are insufficient to present the question of estoppel. These allegations are very general and are to the effect that the plaintiff, by and through her agent, at all times and from time to time, stated to and assured the defendant that Albert Lipsky was paying the rent promptly, month by month, and that thereby defendant, relying thereon, was induced to and did refrain from taking any steps to compel him to pay, and was induced to refrain from protecting himself in the premises. These general allegations not having been challenged by demurrer or motion to make more definite and certain, or to strike out, we may not hold them insufficient on appeal here. 5 Dunnell, Minn. Dig. (2 ed.) § 7648, and cases there cited. Given the liberal construction which must be here applied, the pleading is sufficient.

■ The evidence presented by defendant was to the effect that he had two conversations with plaintiff's agent, who had charge of the leasing and collection of rents for her; that in each of these conversations he inquired as to how Lipsky was getting along and was told that he was getting along all right and was paying his rent; that he relied on these statements and had no knowledge of any default by Lipsky until after his bankruptcy in December, 1924; that if he had known that Lipsky was in default he would have taken steps to collect the rent or remove him from the premises; that the conversations with plaintiff's agent were had, one about August and one in October or the early part of November, 1924, and at a time when Lipsky was far in arrears in payment of rent; that, relying on the statements made to him, defendant took no steps to protect himself.

In order to create an equitable estoppel, the party pleading it must have been misled to his injury. 21 C. J. p. 1135.

The rule is frequently stated to be, that in order to constitute an estoppel the party claiming it must have been led thereby to change his position for the worse. Dimond v. Manheim, 61 Minn. 178, 63 N. W. 495; Macomber v. Kinney, 114 Minn. 146, 128 N. W. 1001, 130

N. W. 851; Friend v. Friend, 158 Minn. 31, 196 N. W. 814; Schaefer v. Nylin, 162 Minn. 170, 202 N. W. 439. The change of position so referred to however need not be by affirmative act. If by the words or conduct of another one is induced to refrain from doing what he otherwise would and could have done and suffers injury by so refraining, that is a sufficient change of position for the purpose of estoppel. So we find the broader statement that it is essential to an equitable estoppel that the person claiming it shall have done or omitted to do some act or changed his position in reliance upon the representation or conduct of the person sought to be estopped. 21 C. J. p. 1133. And, in the case of Nell v. Dayton, 43 Minn. 242, 245, 45 N. W. 229, the statement is:

"Nobody ought to be estopped from averring the truth, or asserting a just demand, unless by his acts, words, or neglect his now averring the truth or asserting the demand would work some wrong to some other person, who had been induced to do something, or abstain from doing something, by reason of what he has said or done, or omitted to say or do."

In Yale v. Watson, 54 Minn. 173, 55 N. W. 957, the defendant was surety or guarantor upon a note of a third party, held by the plaintiff. Defendant was told by the plaintiff that the maker of the note had taken care of it. Defendant assumed the note had been paid and gave no further attention to the matter. The maker of the note was solvent at the time the statement was made and so remained for some years and then became insolvent. Suit was then brought against defendant upon his guaranty on the note. The statement made to him by the holder of the note was held sufficient to create an estoppel.

While there is no direct evidence in the present case as to the solvency of Lipsky in August or October, 1924, solvency is ordinarily presumed, and the burden is upon him who asserts the contrary to prove it. Fort Dearborn Nat. Bank v. Security Bank, 87 Minn. 81, 91 N. W. 257.

If defendant here had been correctly informed, in response to his inquiries, as to Lipsky's default, he could have paid up the overdue

rent and taken immediate steps to collect or taken other steps to secure or protect himself. If in reliance upon the statements made to him by plaintiff's agent he refrained from so doing, then he was at least deprived of such opportunity until after Lipsky became insolvent. The evidence is not as complete as it might have been. Under the rule here that verdicts should not be set aside if there is any evidence reasonably tending to sustain them, we cannot hold that the jury might not find that plaintiff suffered detriment and injury.

■ It is claimed that an estoppel, if found, should not extend to cover the rent for June, July and August, 1924, the period prior to the time of the alleged statements. If there was injury to defendant, it would seem to be because he was deprived of the opportunity and benefit of collecting or otherwise securing all rent due from Lipsky up to the time he became insolvent, which covers these months.

■ Complaint is made of portions of the court's charge. Taken as a whole, we find nothing objectionable in the charge. The court did in one place refer to the evidence that plaintiff's agent did not notify the defendant that the rent was not paid when he had these conversations with him. That fact however was not made a basis of any verdict but was an incidental statement, and the jury was correctly instructed that any finding for defendant on the issue of estoppel must be based on findings that the agent made the statement to defendant that Lipsky was paying his rent and that defendant relied thereon and was induced thereby to refrain from taking any steps to protect himself and was damaged.

■ A number of rulings on the evidence are assigned as errors. They have been examined and found not to require discussion here.

Order affirmed.