ELIZABETH C. SCHMITT *vs*. HENRY CASSILIUS.

July 11, 1883.

**Letting Land on Shares—Relief against threatened Sale of Whole Crop by Insolvent Tenant.**—Where land has been "let on shares," and the landlord has duly demanded of the renter or cropper the delivery of his share of the crops, which has been refused, and such cropper threatens to, and is about to, appropriate the whole crop to his own use, and sell and dispose of the same, *held* sufficient to entitle the landlord to equitable relief by injunction restraining the renter from disposing of the former's share of the crops, and by the appointment of a receiver to take possession of the crops and divide them between the parties; at least, where the renter is insolvent, or has no tangible property out of which a judgment could be collected.

**Answer Good in part and Bad in part not to be stricken out.**—Where part of an answer is sham and frivolous, but another part is good, and puts in issue material allegations of the complaint, the court cannot strike out the whole, and order judgment for the plaintiff notwithstanding the answer.

Appeal by defendant from an order of the district court for Scott county, *Macdonald*, J., presiding, striking out the answer as sham and frivolous, and ordering judgment for plaintiff.

*Brown & Hawkins*, for appellant.

*Southworth & Marrinan*, for respondent.

MITCHELL, J.   This appeal is taken from an order striking out the answer as sham, frivolous, and irrelevant, and for judgment notwithstanding the answer.

1. The defendant, whose pleading was thus stricken out, attacks the complaint, claiming that it does not state a cause of action.   The complaint alleges that while a suit was pending between the plaintiff and her husband, George Schmitt, in which the title and right of possession of certain premises were in controversy, a receiver was appointed to collect the rents, which he did for the year 1881; that at the commencement of the farming year of 1882, and while the suit was still pending, an agreement was, with the consent of such receiver, made between the parties to the suit and the defendant in this case, (who had previously occupied the premises as tenant of the plaintiff,) by which defendant was to continue to occupy and cultivate the farm for the year 1882, and to pay as rent therefor one-third of the crops; the oats and wheat to be delivered when threshed, and the other crops when ripe and harvested.   The complaint then alleges the due rendition of a judgment in the action between herself and George Schmitt, adjudging that she is the owner and have possession of the premises, and the rents and profits thereof.

After stating the amount of crops raised on the land by defendant that year, the complaint proceeds to allege that a large portion of the wheat and oats was already threshed, and that defendant was then threshing the remainder; that plaintiff had demanded of him her third of the grain as the same was being threshed, but that defendant refused to divide the grain, or to pay over and deliver to plaintiff her third or any part thereof, and has threatened to, and is about to, appropriate the whole crop to his own use, and sell and dispose of the same; that defendant has no property, except such as is exempt by law, besides the crop in question; and that any action at law which plaintiff might bring against him for breach of the contract to pay

rent would be unavailing, as no judgment against him could be collected. The relief prayed for is that a receiver be appointed to take possession of the crops and divide them between the parties, and that defendant be enjoined from disposing of plaintiff's share.

We think this constitutes a good cause of action. The arrangement under which defendant cultivated the farm, in legal effect, implied an agreement on the part of defendant to deliver one-third of the crops to whomsoever it should be determined in the action then pending that it rightfully belonged. The judgment determined that it belonged to the plaintiff. The contract was an ordinary letting on shares, and, whatever relations it created between the parties as to the land, we think it constituted the owner of the land and the cropper tenants in common of the crops. *Moulton* v. *Robinson*, 27 N. H. 550. If so, the plaintiff was clearly entitled to the relief prayed for. But even if we adopt the view that the title to the crops was wholly in the defendant, and that the one-third was to be paid expressly as rent in kind, this action would still lie, in view of the fact that defendant had no tangible property which could be made subject to attachment or execution, and hence that an action at law would be unavailing. *Gregory* v. *Hay*, 3 Cal. 332.

2. The answer admits the rendering of the judgment in the action by plaintiff against George Schmitt, as alleged in the complaint, but avers that it is void, having been rendered by the court without any jurisdiction of the subject-matter. It admits that defendant cultivated the premises in 1881, and that a receiver was appointed who collected the rents for that year, and that he (defendant) cultivated the land during the farming season of 1882, but denies that he rented it of the plaintiff. The answer then contains a general denial of each and every allegation of the complaint, except as hereinbefore expressly admitted or qualified. Plaintiff's motion was made solely upon the complaint and answer, and the judgment-roll in the action between plaintiff and George Schmitt. As this judgment-roll is not made a part of the record in this case, we must assume that it shows a valid judgment. That part of the answer, therefore, which assumes to attack this judgment, must be deemed sham and frivolous. But in striking out the whole answer, we think the learned court had his at-

tention turned too exclusively to the palpably sham character of that part of the answer referred to, and hence did not fully realize how little the answer specifically admits, and hence how much is put in issue by the general denial.

The answer is so framed as, perhaps, to subject it to the suspicion of being somewhat disingenuous. But without now deciding the mooted question as to whether a general denial can be stricken out as sham, we suggest that plaintiff offered no affidavit tending to show that this denial was sham or false. Therefore it must be presumed to have been interposed in good faith, and of course it puts in issue everything not specifically admitted. Now, all that is admitted that would be material is that a judgment has been rendered in an action between plaintiff and George Schmitt, adjudging her to be the owner of this farm, and entitled to the possession, and the rents and profits thereof, and that defendant cultivated the farm in 1882. But the allegations of the complaint as to the terms upon which he cultivated it, and of whom he rented it, and that he has threshed the grain, and that plaintiff has demanded her share, and that defendant has refused to deliver it, and that he has threatened to, or is about to, appropriate the whole crop to his own use, and sell and dispose of the same, and that he is insolvent, or without property subject to legal process, are all put in issue by the general denial in the answer. The best test as to whether the whole answer could be thus stricken out and judgment ordered, is this: Would the facts specifically admitted, together with the further fact that judgment, as alleged in the complaint, has been rendered in the action between the plaintiff and her husband, be sufficient to entitle her to the relief sought? We think that this must be answered in the negative.

Order reversed.