## BROWN–FORMAN COMPANY v. PETER PETERSON.[1]

### May 3, 1907.

### Nos. 15,157—(69).

**Sham Answer.**

The answer in this case was rightly stricken out as sham.

Appeal by defendant from a judgment of the district court for Swift county entered in favor of plaintiff pursuant to an order of Qvale, J., striking out the answer as sham and ordering judgment. Affirmed.

*John I. Davis* and *Thos. E. Davis,* for appellant.

*Young & McElligott,* for respondent.

START, C. J.

Appeal by the defendant from the judgment of the district court of the county of Swift.

The only question for our decision is whether the trial court erred in striking out the defendant's answer as sham. The complaint alleged that the plaintiff was a corporation duly organized under the laws of Kentucky; that on June 20, 1905, the plaintiff at the request of the defendant sold and delivered to him goods of the agreed and reasonable value of $96.43, which sum the defendant promised to pay therefor; and that no part thereof has been paid. The answer denied each allegation of the complaint, except as therein admitted. It admitted that the plaintiff was a corporation as alleged, and expressly alleged that, if any goods were sold and delivered by the plaintiff to the defendant, the contract of sale thereof was made within this state, and that the plaintiff was not, at the time of the sale and delivery of the goods alleged in the complaint, authorized to transact business in this state, and had not complied with its laws relative to foreign corporations. See R. L. 1905, §§ 2888–2890. It is quite evident from the pleadings that the real defense attempted to be interposed to the action was a noncompliance with the statute prescribing the conditions upon which foreign corporations might do business in this state.

The plaintiff moved the court, upon the pleadings and affidavits,

[1]Reported in 111 N. W. 733.

to strike out the answer as sham. The motion was opposed by counter affidavits of the defendant and others, and the trial court made its order striking out the answer. It is only in cases where it is clear and undisputed that there is no real issue of fact to be determined by a trial that an answer can be stricken out as sham, for where there is a real issue of fact the defendant is entitled to have it tried by a jury and not on affidavits.

Upon a full consideration of the record in this case, we are of the opinion that there was no real issue of fact between the parties, and that the judgment is right. The undisputed affidavit of its treasurer shows that the plaintiff is not doing business in this state within the meaning of the statute, that an order for the goods in question was taken by its traveling agent or salesman, and transmitted to it at its place of business in Kentucky, and there accepted, and that the goods were shipped to and received by the defendant, and have not been paid for. Attached to this affidavit was the original order signed by the defendant for the goods, directed to the plaintiff at Louisville, Kentucky. The defendant in his opposing affidavit made no denial of the making of this order, nor did he deny or suggest in any way that he did not receive the goods, nor did he assert or suggest that any part of the purchase price of the goods had been paid.

Judgment affirmed.