# MARY A. POTHEN v. FRANK POTHEN.[1]

November 10, 1911.

Nos. 17,216—(45).

**Answer stricken out as sham.**

> Action by defendant's wife to recover from him possession of certain premises. *Held*, the answer, alleging that it was his homestead, was properly stricken out as sham and frivolous.

Action in the district court for Ramsey county to recover possession of certain premises and to restrain defendant from turning off water from them, and that during the pendency of the action plaintiff, or her servants or employees, be permitted to enter the premises for the purpose of turning on the water or for the purpose of repairing the water pipe. The substance of the answer is given in the opinion. Plaintiff's motion to strike out the answer as sham and frivolous was granted, Kelly, J. From the order striking out the answer, defendant appealed. Affirmed.

*Schmidt & Waters,* for appellant.

*Joseph T. Avery,* for respondent.

Lewis, J.

Plaintiff and defendant are husband and wife, and this action by the wife is to recover possession from her husband, the defendant, of a storeroom and the barn located on a certain lot in the city of St. Paul.

The complaint alleges that the lot is occupied by a two-story brick building containing two storerooms on the ground floor and two sets of living rooms on the second floor; that the defendant is wrongfully in possession of one of the storerooms and of the barn; that the apartments on the second floor are in the possession of tenants of the plaintiff under a lease which entitles them to the use of water conveyed

[1] Reported in 133 N. W. 72.

through a pipe leading from a storeroom below; and that the defendant without authority prevents the water from reaching the apartments above.

The answer admitted that he was in possession of that portion of the premises described in the complaint, and denied that plaintiff was in possession of any part of the premises, and alleged that the premises constituted the homestead of the defendant, and that he was owner thereof. Plaintiff moved before the court below for an order striking out the answer as irrelevant, sham, and frivolous, giving notice that the motion would be based upon the files and records in this action, and also upon the files and records in a previous action wherein this plaintiff was the plaintiff, the Schmidt Brewing Company was the defendant, and this defendant was an intervener.

At the hearing of the motion the trial court had before it the files and records in both actions, and an affidavit of defendant in which he stated that after the decision was rendered in the former action, the parties signed an agreement of reconciliation, and moved into the premises described in the complaint, and made the same their homestead until the plaintiff without cause or provocation excluded him therefrom. The affidavit also stated that it was one of the conditions of the reconciliation settlement that the defendant was to have the possession of the shop described in the complaint. The trial court granted the motion, and ordered the answer stricken out.

Giving full effect to all that is stated in defendant's answer and in his affidavit, it stands admitted that at the time of the commencement of this action the apartments on the second floor were not occupied by either plaintiff or defendant as a homestead, and that those apartments were occupied by tenants of the plaintiff. Defendant was not in occupancy of the storeroom or of the barn as a place of residence, and, if his claim of right to hold possession was made in good faith, the record fails to show it. If he was excluded from the rooms upstairs, he accepted the situation and did not continue to occupy them as his homestead. He was not occupying the storeroom or barn as a place of residence at the time of the commencement of this action, and he had no better right to occupy the store building or the barn than he would have to occupy any other premises not a homestead be-

116 M.—3.

longing to his wife. The question of title and the right of the plaintiff to collect the rents and to control the premises was fully settled and determined in the previous action referred to, and the trial court was justified in striking out the answer as frivolous.

Affirmed.