MINNIE E. SHEETS and Another v. ROBERT W. RAMER and Others.[1]

February 27, 1914.

Nos. 18,497—(227).

**Pleading — sham reply.**

1. In a former action between these parties plaintiffs alleged that defendants claimed title under a deed, that the deed was procured by fraud, and asked that the deed be set aside. Defendants admitted the deed, claimed title under it, and denied the fraud. The reply was a general denial. The court found that the deed was given for a valuable consideration, that there was no fraud, that defendant Robert was the owner in fee of the land, and gave judgment dismissing the case on the merits. In the present action between the same parties plaintiffs seek to ingraft upon the deed a trust in favor of plaintiffs. Defendants answered, pleading the former judgment as an estoppel. The reply was a general denial. It was stricken out as sham.

[1] Reported in 145 N. W. 787.

**Same — striking out on motion.**

   2. A frivolous or sham reply may be stricken out on motion. A frivolous reply is one that does not in any view of the facts pleaded present a defense to the matter pleaded in the answer. A sham reply is one sufficient on its face, but so indisputably false that it presents no real issue to be litigated. Its falsity may be established by affidavit.

**Judgment bar to action.**

   3. A judgment on the merits is a bar to a second action between the same parties on the same cause of action. Although the cause of action is not the same, the estoppel exists as to any point at issue in the second action which was decided in the first. The issues in this case were determined adversely to plaintiffs by the former judgment and that judgment is a bar to this action.

**Decision correct.**

   4. The reply was properly stricken out.

Action in the district court for Goodhue county. The substance of the complaint and answer will be found in the opinion. Defendants' motion to strike out the reply as false, frivolous and sham, and for judgment in their favor was granted, Johnson, J., as to defendant Robert W. Ramer, and as to him the action was dismissed. From the order striking out the reply and dismissing the action as to defendant Ramer, plaintiffs appealed. Affirmed.

*Thomas H. Salmon,* for appellants.

*Mohn & Mohn,* for respondent.

HALLAM, J.

1. Plaintiffs and defendants Robert and Walter are sisters and brothers. Their parents owned two eighties of land. In May, 1893, they deeded one eighty to defendant Robert. March 9, 1898, they deeded the other eighty to defendant Walter. Robert has since acquired this eighty also. Both parents are now dead. After their deaths plaintiffs commenced an action against defendants Robert and Walter to set aside these deeds. They alleged in the complaint that the deeds were secured by fraud, deceit, duress and undue influence. The complaint asked that the deeds be set aside and for such other relief as might be just. Defendants answered admitting the deeds, denying the fraud, and alleging ownership in fee in Robert. Plain-

tiffs replied by general denial. The court found that the deeds were given for a valuable consideration, that Robert was the owner in fee of both eighties, and that none of the other allegations above mentioned were proven. Judgment was entered that plaintiffs take nothing and that the action be dismissed on the merits.

Later plaintiffs commenced this action. Their complaint contains substantially the same allegations as to the first deed to Robert and its fraudulent procurement. It then alleges that in 1898 Robert, after having gotten the first eighty, was trying to get the second by undue means; that the parents appealed to Walter; that an agreement was then made between the parents, Walter, Robert and plaintiffs that the second eighty should be deeded to Walter, and that he should hold it in trust for himself and plaintiffs; and that the eighty was deeded to Walter pursuant to this agreement. The complaint asked judgment for two-thirds of this eighty. Defendants answered denying the agreement and setting up the former adjudication as an estoppel. Plaintiffs' reply was a general denial.

Defendants moved to strike out the reply as frivolous and sham and for judgment. The court struck out the reply and ordered judgment for defendants. Plaintiffs appeal.

2. A pleading which is frivolous or sham may be stricken out on motion. G. S. 1913, § 7762. A frivolous reply is one that does not in any view of the facts pleaded present a defense to the matters pleaded in the answer. State v. Weber, 96 Minn. 422, 105 N. W. 105, 113 Am. St. 630. This reply is not frivolous. On its face it presents a defense to the matter alleged in the answer. A sham reply is one sufficient on its face, but so clearly and indisputably false that it presents no real issue of fact to be determined by a trial. Bad faith, however, is not necessary. State v. Weber, 96 Minn. 422, 105 N. W. 490, 113 Am. St. 630; Brown-Forman Co. v. Peterson, 101 Minn. 53, 111 N. W. 733; Estate of P. D. Beckwith v. Golden Rule Co. 108 Minn. 89, 121 N. W. 427; Towne v. Dunn, 118 Minn. 143, 136 N. W. 562. The falsity of a pleading alleged to be sham may be established by affidavit. Barker v. Foster, 29 Minn. 166, 12 N. W. 460; Towne v. Dunn, 118 Minn. 143, 136 N. W. 562.

The pleadings, decision and judgment in the former action be-

tween these parties are set up by affidavits and they are undisputed. If the former judgment is a bar to this action, the reply denying it is sham, and it should be stricken out, judgment ordered, and the litigation ended. The former judgment is a bar to this action if it determined all of the issues presented by the pleadings in this action. We are of the opinion that it did do so.

3. A judgment on the merits is always an absolute bar to a second action between the same parties on the same cause of action. West v. Hennessey, 58 Minn. 133, 59 N. W. 984; Swank v. St. Paul City Ry. Co. 61 Minn. 423, 63 N. W. 1088; Stitt v. Rat Portage Lumber Co. 101 Minn. 93, 111 N. W. 948. Plaintiffs urge here that the causes of action are not the same. It may be that that contention is correct. The first action was one to set aside a conveyance as fraudulent. This action is to enforce an alleged agreement that the conveyance should not be absolute, but in trust. But it is not essential, to the operation of the estoppel, that the cause of action set up in the second action should be the same as that in the first. If a point at issue in the second action was decided in the first the estoppel exists, no matter how different may be the form of action. McClung v. Condit, 27 Minn. 45, 6 N. W. 399; Swank v. St. Paul City Ry. Co. 61 Minn. 423, 63 N. W. 1088. It is settled law "that the judgment of a court of concurrent jurisdiction directly upon the point, is, as a plea, a bar, or as evidence conclusive, between the same parties, upon the same matter, directly in question in another court," even though the causes of action are not the same. Duchess of Kingston's Case, 2 Smith's Leading Cases, 693. This is termed "estoppel by verdict."

In the former action between these parties plaintiffs alleged that defendant Robert claimed title to this land. They assailed his alleged title. Defendant Robert in his answer in terms set up title in fee in himself. The reply denied this. The court found that he had title in fee. This was an issue determined in the case. More particularly, the validity of the deed from the parents to Walter as a muniment of title was in issue in the former action. It was held that the deed was given for a valuable consideration, and, in effect, that it passed title in fee. In this action plaintiffs seek to ingraft a trust upon this deed; in other words, to show that it was less than an

absolute deed as determined in the former action. This they cannot do without impeaching the verity of the former decree. See Doyle v. Hallam, 21 Minn. 515; Bazille v. Murray, 40 Minn. 48, 41 N. W. 238; Wagener v. City of St. Paul, 82 Minn. 148, 84 N. W. 734; White v. Hewitt, 119 Minn. 340, 138 N. W. 421.

The conclusion is that the former action between these parties conclusively determined the material issues in this case, and that the motion to strike out the reply as sham was properly granted.

Order affirmed.