## M. C. O'DONNELL v. S. P. LESSELYOUNG.[1]

November 18, 1921.

No. 22,576.

**What is in issue on motion to strike out answer as sham.**

On a motion to strike out an answer as sham, the court does not try the issue made by the pleadings, but determines whether there is a real issue to try. *Held*, under the facts recited in the opinion, that it was error to strike out the answer as sham.

Action in the municipal court of Minneapolis to recoveer $75 on a promissory note. From an order, Baldwin, J., granting plaintiff's motion to strike out the answer as sham and frivolous, and to allow plaintiff to enter judgment against defendant, defendant appealed. Reversed.

*W. H. McDonald* and *Howard Costello,* for appellant.
*M. C. O'Donnell,* for respondent.

DIBELL, J.

Action on a promissory note made by the defendant to one Clark and alleged to have been indorsed to the plaintiff for value before maturity. The defendant appeals from an order striking out his answer as sham.

The answer contains a general denial. It admits the making of the note. It alleges a defense good against Clark. It cannot be urged seriously that the answer, so far as it alleges a defense good against Clark, is sham. The general denial puts in issue the transfer to the plaintiff, and it specifically alleges that the plaintiff is not the owner of the note, but that Clark is. The real controversy on the motion is over the transfer to the plaintiff as a bona fide holder.

The affidavits of Clark and of the plaintiff state that the note was indorsed by the plaintiff in part payment of his services as attorney

[1] Reported in 185 N W. 289.

for Clark in an action in the Federal court, and both say that the defendant, after the note became due, promised to pay the plaintiff. The defendant in his affidavit says that Clark called at his office after the maturity of the note in reference to its collection; that he stated that he had not transferred it to the plaintiff in payment of services; that the plaintiff was not his attorney in the Federal court, and that he had left the note with him for collection. The defendant is in part corroborated by the affidavit of one Sheehan. He fails to deny the promise to pay the plaintiff.

If cases were tried on affidavits, and reviewed on appeal as now, we would sustain a finding for the plaintiff, or trying the case ourselves on affidavits we might find for him. On a motion to strike out as sham, it is for the court to determine whether there is an issue to try, not to try the issue. 2 Dunnell, Minn. Dig. § 7657, et seq. The affidavits do not clearly show that the answer is false. The defendant is entitled to a trial in the ordinary way.

The motion was made on the additional ground that the answer is frivolous. It is clearly not so and we do not understand that the plaintiff seriously contends that it is.

Order reversed.