## THE BANK OF RICHARDS, MISSOURI v. EDWARD E. SHEASGREEN AND OTHERS.[1]

November 10, 1922.

No. 23,086.

**Sham answer defined—striking it out—what court decides.**

1. A sham answer is one, sufficient on its face, but so clearly false that it presents no real issue to be tried. Such falsity may be established by affidavit and the sham answer stricken out on motion. On

[1]Reported in 190 N. W. 484.

such motion it is for the court to determine whether there is an issue to try, not to try the issue.

**Defendants failed to prove there was an issue to be tried.**

2. The affidavits in this case made a clear prima facie case of the falsity of the answer. When such a showing is made the motion to strike will ordinarily be granted, unless the showing is met by counter affidavits or other proof which make it clear there is an issue to be tried. In this case defendants failed to make such proof.

Action in the district court for Hennepin county to recover $2,054.27 upon a promissory note. From an order, Hale, J., granting plaintiff's motion to strike out defendants' answer as sham and for judgment, defendants Edward E. Sheasgreen, William T. Price and Ellen R. Price appealed. Affirmed.

*Trafford N. Jayne,* for appellants.

*Van Fossen & Garrigues,* for respondent.

HALLAM, J.

This is an action on a promissory note brought by an indorsee against the makers. Defendants interposed an answer which the court, on motion of plaintiff, struck out as sham. Defendants appeal.

The law on this subject is well settled.

1. A sham answer may be stricken out on motion. A sham answer is one sufficient on its face, but so clearly and indisputably false that it presents no real issue of fact to be determined by a trial. Bad faith, however, is not necessary. State v. Weber, 96 Minn. 422, 105 N. W. 490, 113 Am. St. 630; Brown-Forman Co. v. Peterson, 101 Minn. 53, 111 N. W. 733; Estate of P. D. Beckwith v. Golden Rule Co. 108 Minn. 89, 121 N. W. 427; Towne v. Dunn, 118 Minn. 143, 136 N. W. 562; Sheets v. Ramer, 125 Minn. 98, 145 N. W. 787. The falsity of a pleading alleged to be sham may be established by affidavit. Barker v. Foster, 29 Minn. 166, 12 N. W. 460; Towne v. Dunn, 118 Minn. 143, 136 N. W. 562. On a motion to strike out an answer as sham it is for the court "to determine whether there is an issue to try, not to try the issue." O'Donnell v.

Lesselyoung, 150 Minn. 318, 185 N. W. 289. An answer will be stricken out as sham only when it is clear and undisputed that the alleged defense is wholly unsupported by facts. J. I. Case T. M. Co. v. Bargabos, 143 Minn. 8, 172 N. W. 882.

2. Applying these principles we think the order striking out the answer must be sustained. The answer contains a general denial but admits the giving of the note. It admits a consideration for the note. It alleges that the defendants and Ouren, the payee of the note, were stockholders in a corporation, that Ouren paid to the corporation money in excess of the amount of the note and this note was given for part thereof. The answer then alleges as a defense that defendants also each contributed money to the corporation in excess of the amount of plaintiff's note and received notes therefor with Ouren as one of the makers, and that defendants each borrowed money for the corporation which they have been compelled personally to pay, that Ouren is liable for the repayment of a share of the money so paid out, and that this liability exceeds the amount of his note and operates as a payment thereof, and then alleges that plaintiff at the time of purchase of the note had full knowledge of all of these facts.

We may take it for granted that the answer states a defense to the note in the hands of Ouren, perhaps a doubtful proposition. The affidavits on behalf of plaintiff show in detail the transaction by which it acquired the note. They make out clearly the fact that plaintiff is a bona fide holder for value. They are met only by the assertion of the attorney for defendants that defendants have "certain information leading them to believe that the plaintiff is not an innocent holder or purchaser for value or otherwise" and that it is his belief that plaintiff never actually purchased the note for value or otherwise and that defendants are entitled to the right of cross-examination of plaintiff and its officers to inquire into the truth. This is not sufficient. As said in Van Loon v. Griffin, 34 Minn. 444, 26 N. W. 601, "these affidavits certainly called for some explanation in rebuttal by defendants. In the absence of it we do not see how the answer can properly be permitted to stand."

Where affidavits in support of a motion to strike out a pleading as sham make a clear prima facie case of its falsity, the motion will ordinarily be granted unless the showing is met by counter affidavits or other form of proof, free from evasion, which make it clear there is an issue to be tried. Towne v. Dunn, 118 Minn. 143, 136 N. W. 562. In this case the affidavits on behalf of defendant fail to make such proof, and the whole conduct of defendants before suit brought, as shown by the correspondence, was that of debtors merely seeking time in which to pay.

Order affirmed.