## SARAH E. BOARDMAN AND ANOTHER v. NELS BRUCE AND ANOTHER.[1]

June 29, 1923.

No. 23,473.

**Sham answer.**

Answer to complaint in action for rent rightly stricken out as sham. [Reporter]

Action in the municipal court of Minneapolis to recover $300 rent. Plaintiffs' motion to strike out the answer and for judgment as if no answer had been interposed was granted by C. L. Smith, J. From the order striking out the answer, Nels Bruce appealed. Affirmed.

*John A. Nordin,* for appellant.

*Van Fossen & Garrigues,* for respondents.

PER CURIAM.

Action to recover two months' rent for the premises in question from October 16, 1922, under the terms of a 5-year lease dated June 16, 1920. The defendant Bruce interposed an answer which the court, upon motion, struck out as sham, and ordered judgment in favor of plaintiff as asked in the complaint. From such order defendant appeals.

In his answer appellant admits the execution of the lease and possession thereunder. He then alleges that on May 1, 1921, defendants duly assigned the lease to the Derby Tire Company; that the company went into possession of the premises thereunder and paid rents to plaintiffs, who accepted the same and also accepted said assignee as their tenant in lieu of the defendants. He further alleges that the company paid to plaintiff rent for a number of months in advance, as he is informed and believes, and that by reason thereof the rents for the months set forth in the complaint have been paid; then follows a general denial.

The law on this subject is so well settled and so concisely stated in Bank of Richards v. Sheasgreen, 153 Minn. 363, 190 N. W. 484, as to require no further citation of authority. The test to be applied is whether the answer presents a real issue for trial. O'Donnell v. Lesselyoung, 150 Minn. 318, 185 N. W. 289. For the purpose of determining such question the

[1] Reported in 194 N. W. 375.

court considered certain affidavits and a copy of the lease. In the lease is found the following provision:

"Lessors will consent to assign this lease to a corporation to be hereafter formed, and to be known as Derby Tire & Rubber Company, in which company the lessees will be stockholders and officers, but such assignment shall not in any way release lessees herein from their duty to perform or cause to be performed all the covenants and agreements in this lease to be by lessees kept and performed for the full term of the lease."

It appears that the lessees named in the lease became stockholders in the Derby Tire Company. But appellant contends that the omission of the words "& Rubber" in the name of the corporation so changes the situation contemplated by the parties to the lease as to abrogate the provision above quoted, and thereby relieves him from all liability under the lease and its assignment for the payment of rent. We are unable to adopt this contention. It is, insofar as the assignment is concerned, the same company as contemplated in the lease, the only difference being the omission of two words in the name. The claim of appellant is altogether too technical to be effective. Appellant further contends that he has been denied a trial upon the question as to whether the rent sued for has been paid.

Appellant alleges in his answer, upon information and belief, that the rent sued for had been paid in advance. It appears from the affidavits filed in support of the motion to strike out the answer, that an action was commenced against defendants in July, 1922, to recover rent for 6 months from February 16 to August 16, 1922, less $30 paid on the February rent. Judgment was entered by default and later paid. That thereafter a second action was commenced to recover for the 2 months commencing August 16. In this action the rent was paid before the time for answering expired. The present action was brought to recover for 2 months beginning October 16. Appellant does not traverse any of these matters in his affidavits. Nor does he set forth therein any facts to lend any probability of the truth of advance payments having been made, as he says he has been informed. No reference is made in his affidavits as to why the rent sued for in the second action was paid before the time for answering expired, or to payments having been made to cover the rent for that period. The appellant was a stockholder in the Derby Tire Company, but the record discloses no statement claiming any payment of rent in advance from that source. The affidavits show clearly the falsity of the answer. The motion was properly granted.

Affirmed.