## IDA O. SEGERSTROM v. HOLLAND PIANO MANUFACTURING COMPANY.[1]

June 27, 1924.

No. 23,987.

**Frivolous pleading.**

    1. Frivolous pleading defined.

**Sham pleading.**

    2. Sham pleading defined.

**Account stated.**

    3. A memorandum and circumstance construed as an account stated.

**Res judicata.**

    4. Plaintiff claiming to be a stockholder of a corporation brought action for her pro rata dividends declared to stockholders, to her exclusion, and she was adjudged to be entitled to such dividends. While that action was pending the corporation on three occasions de-

[1]Reported in 199 N. W. 897.

clared additional dividends to its stockholders, to the exclusion of plaintiff, and she now sues to recover these additional dividends. *Held* that the question of plaintiff's stock being on an equal basis with other stockholders of the same class is res judicata.

**No discrimination in paying dividends.**

5. There can be no preference or discrimination among the stockholders in the payment of dividends.

**Excluded stockholder may sue for dividend.**

6. Where a corporation declared a dividend on all its stock, except the shares of plaintiff, she is entitled to sue the corporation for the dividends on her stock.

**Estoppel against corporation.**

7. A corporation so discriminating against a stockholder is estopped from claiming the dividend to be illegal.

**Stockholder may sue for dividend.**

8. The declaration of a dividend creates a debt against the corporation in favor of the stockholder, which may be collected by suit.

**Court's duty on motion to strike out sham pleading.**

9. Duty of court on motion to strike a sham pleading.

**Correct to strike out answer.**

10. Record examined, and *held* that motion to strike an answer as sham and frivolous was properly granted.

Action in the district court for Hennepin county to recover $1,357.24 upon an account stated. From an order, Buffington, J., striking out paragraphs 2 to 6 inclusive of the answer, defendant appealed. Affirmed.

*L. K. Eaton,* for appellant.
*H. D. Irwin,* for respondent.

WILSON, C. J.

This is an action upon an account stated. The amount is for dividends declared by defendant on its stock on June 30, 1919, March 20, 1920, and July 20, 1920, and on those dates credited

and paid to the several stockholders, except plaintiff, although she owned 61.91 shares of stock during this time. Trouble between these parties is of long standing. Segerstrom v. Holland Piano Mnfg. Co. 142 Minn. 104, 170 N. W. 930 (same title again 155 Minn. 50, 192 N. W. 191). The facts as they appear in these two prior cases have some bearing here. In the last case plaintiff recovered cash and stock dividends accruing between December 24, 1913, and January 31, 1919.

The complaint has attached to it Exhibit A, which was furnished plaintiff by defendant and which is the basis of the alleged account stated, in the following form:

## EXHIBIT A

Minneapolis, Minn., Sept. 30th, 1923.
Ida O. Segerstrom, Minneapolis, Minn.

In Account with Holland Piano Mfg. Co.,
General Office: 333 Metropolitan Bank Bldg., Minneapolis, Minn.
Factory:
Menomonie, Wis.

| | | |
|---|---:|---:|
| Five percent dividend on 61.9 shares paid June 30th, 1919 ...................... | $309.50 | |
| Eight percent dividend on 61.9 shares paid March 27th, 1920 ...................... | 495.20 | |
| Five percent dividend on 61.9 shares paid July 20th, 1920 ...................... | 309.50 | 1114.20 |
| 6% interest on 6-30-19 dividend $309.50 from 6-30-19 to 9-30-23 ...................... | 79.03 | |
| 6% interest on 3-27-20 dividend $495.20 from 3-27-20 to 9-30-23 ...................... | 104.58 | |
| 6% interest on 7-20-20 dividend $309.50 from 7-20-20 to 9-30-23 ...................... | 59.43 | 243.04 |
| Total ...................... | | $1357.24 |

The above amount has been credited to your account.
(Verified)

The answer admits that defendant is a corporation and then is in this form:

## II.

Defendant states and alleges that neither on the 30th day of September, 1923, or at any time was there an account stated between plaintiff and defendant, either for dividends due and declared as alleged in the complaint or otherwise or at all.

## III.

Defendant alleges that even if the paper Exhibit A was delivered to the plaintiff as alleged in the complaint, the same did not and does not constitute an account as stated in said complaint.

## IV.

Further answering defendant alleges that if the original of Exhibit A, as contained in the complaint, was ever delivered to the plaintiff the same was so delivered through mistake and error and that said Exhibit was erroneous, given under misapprehension of the real state of the facts and defendant states and alleges that no dividend was ever declared on the stock alleged to be owned by the plaintiff and as alleged in the complaint, either on the dates mentioned in the complaint, or at all; and specifically alleges that it has no profit or funds out of which the same could be or can be legally declared or paid.

## V.

Further answering defendant alleges that if the original of the paper Exhibit A as set forth in the complaint was ever given to the plaintiff it was so given with the distinct and express understanding and statement on the part of the defendant that the defendant on said 30th day of September, 1923, had no profits or funds of any character out of which the dividends mentioned in the original of said Exhibit A could be legally declared or paid and that the same would not be paid until such time as such dividends might be legally declared and paid.

## VI.

Further answering this defendant denies each and every allegation, matter and thing in said complaint contained except as herein specifically admitted or alleged.

Plaintiff upon the pleadings and affidavits attached to the motion moved to strike out paragraphs 2, 3, 4, 5 and 6 of the answer as sham and frivolous, and for judgment. From an order granting this motion defendant has appealed.

A frivolous pleading is one that does not in any view of the facts pleaded present a defense to the action. Sheets v. Ramer, 125 Minn. 98, 145 N. W. 787; State v. Weber, 96 Minn. 422, 105 N. W. 490. This answer is not frivolous. On its face it presents a good defense because it contains a general denial. Under our view of the case, as hereinafter stated, that portion of the answer stricken, aside from the general denial, is frivolous.

The more serious and important element is the claim that this answer is sham. A sham pleading is one which is false.

In plaintiff's first suit (142 Minn. 104, 170 N. W. 930) she sought to recover dividends. She was unsuccessful. Then she brought the second action to reform a contract and to recover such dividends upon the reformed contract (155 Minn. 50, 192 N. W. 191). In this action plaintiff was successful. The judgment in that action directed payment of dividends on the stock held in escrow up to the time of the commencement of that action "at the same time and in the same manner as on other outstanding stock." This action is on account stated for the recovery of dividends accruing at times subsequent to the accrual of the dividends recovered in the prior action. Prior to the recovery by plaintiff in the second action, defendant had on three different occasions declared dividends to the exclusion of plaintiff. She now seeks to recover dividends on her stock to the same extent as defendant has declared and paid to all other stockholders.

There is little controversy in reference to the facts now before us. Defendant prepared Exhibit A attached to the complaint and submitted the same to plaintiff by letter and advising that "the above amount has been credited to your account." This statement

being so made and acquiesced in by plaintiff is sufficient to constitute an account stated. Isaacs v. Wishnick, 136 Minn. 317, 162 N. W. 297; Swain v. Knapp, 34 Minn. 232, 25 N. W. 397; 1 C. J. 678-680.

The legal right of plaintiff to participate with other stockholders in dividends has been decided in the second case, and to the extent of her stock being on an equal basis with other stockholders of the same class the question is res judicata.

This question being settled, the defendant cannot by its answer raise the same question as has already been litigated between the parties. Plaintiff being a stockholder is entitled to be treated the same as other stockholders receiving dividends. Upon all stock of the same class the dividend must be equal. The directors could not legally exclude plaintiff. It is conceded that they paid a dividend to all other stockholders of the same class at the dates and in the amounts as indicated by the account stated. There can be no preference or discrimination among the stockholders in the payment of dividends. 5 Thompson, Corp. (2nd ed.) § 5289; 2 Clark & Marshall, Priv. Corp. §§ 523, 525; 6 Fletcher, Cyc. Corp. pp. 6112-6114; 14 C. J. 813.

Where a corporation declared a dividend on all its stock except the shares of plaintiff, she is entitled to maintain an action against the corporation for the dividend on her stock. Hill v. Atoka Coal & Min. Co. (Mo.) 21 S. W. 508. The defendant is now estopped from claiming that the dividend was not formally declared or that it was in excess of its net or surplus profit. 14 C. J. 813. The allegation in this answer that the account stated, Exhibit A, was given at a time when it had no funds etc. is of no consequence. The transaction must be viewed at the time when the dividends were declared, 14 C. J. 804, and then there were sufficient funds. Moreover the corporation as against a stockholder who has been denied her pro rata share of dividends declared cannot justify its action on the ground of its illegal action. Thiry v. Glass Co. 81 W. Va. 39, 93 S. E. 958, L. R. A. 1918B, 1048; Stoddard v. Foundry Co. 34 Conn. 542. The declaration of a dividend creates a debt against the corporation in favor of each stockholder to the

amount due him as his pro rata share and the stockholder becomes as a general creditor. 14 C. J. 815; Wheeler v. N. W. Sleigh Co. 39 Fed. 347; McLaran v. Crescent P. M. Co. 117 Mo. App. 40, 93 S. W. 819. The debt which the corporation owes to a stockholder when a dividend has been declared may be collected by the usual action at law. 2 Cook, Corp (8th ed.) §§ 540, 541; Jackson's Adm'rs v. Newark Plank Road Co. 31 N. J. Law, 277; 2 Clark & Marshall Priv. Corp. § 517. Such dividend is usually and ordinarily payable in a reasonable time. N. W. Marble & Tile Co. v. Carlson, 116 Minn. 438, 133 N. W. 1014, Ann. Cas. 1913B, 552.

Upon motions to strike a pleading as sham the court must discriminate carefully between its right to determine whether there is a real issue to be tried and the trial itself of an issue upon a motion. Barker v. Foster, 29 Minn. 166, 12 N. W. 460. The duty of the court on such a motion is to determine whether there is an issue to try, not to try the issue. O'Donnell v. Lesselyoung, 150 Minn. 318, 185 N. W. 289.

There is nothing in this answer aside from the denial that is of any consequence, and the affidavits in the case disclose sufficient facts to justify the court in concluding that the denial, and in fact, the whole of that part of the answer which was stricken was sham. This answer is mostly false, and that part that is not literally false fails in legal sufficiency as defensive matter. The general denial protected the answer against demurrer and against a motion for judgment. The motion to strike was a proper one. The general denial was false and therefore sham. The other matter stricken, under the facts in this case, was clearly insufficient as a matter of law. The trial court was right. Towne v. Dunn, 118 Minn. 143, 136 N. W. 562; First Nat. Bank v. Lang, 94 Minn. 261, 102 N. W. 700.

Order affirmed.