# BRONZIN HOLDING COMPANY v. R. B. McGEE.[1]

February 5, 1926.

No. 25,128.

**Definition of sham answer.**
1. An answer is sham, though on its face sufficient, when it is so clearly false that it tenders no genuine issue.

**Definition of frivolous answer.**
2. An answer is frivolous when its insufficiency is determinable immediately upon inspection.

**Answer neither sham nor frivolous.**
3. The answer sufficiently alleged a constructive eviction and was not sham or frivolous.

Pleading, 31 Cyc. pp. 621 n. 71; 622 n. 76; 623 n. 87; 628 n. 20.

Defendant appealed from an order, Fosseen, J., granting plaintiff's motion to strike out the amended answer as sham and frivolous and from the judgment in favor of plaintiff in an action in the municipal court of Minneapolis to recover rent. Reversed.

*Arthur I. Ringham,* for appellant.
*Hyman M. Juster,* for respondent.

DIBELL, J.
On December 1, 1924, the plaintiff leased to the defendant for a year an apartment in its apartment building. On May 15, 1925, the defendant ceased occupancy. The action is for the rent for June which became due June 1, 1925. The defense claimed is a constructive eviction. The amended answer of the defendant was stricken as sham and frivolous. Judgment was entered for the plaintiff, and the defendant appeals from the order striking out and the judgment.

[1] Reported in 207 N. W. 199.

1. An answer, though on its face good, is sham when it is so clearly false that it tenders no genuine issue for trial. Sheets v. Ramer, 125 Minn. 98, 145 N. W. 787; Bank v. Sheasgreen, 153 Minn. 363, 190 N. W. 484, and cases cited; Dun. Dig. § 7657, et seq. Its falsity may be shown by affidavits. In determining whether it is sham the court does not try an issue of fact but determines whether there is one to try. Segerstrom v. Holland P. M. Co. 160 Minn. 95, 199 N. W. 897; O'Donnell v. Lesselyoung, 150 Minn. 318, 185 N. W. 289.

2. An answer is frivolous when the insufficiency as a defense of the facts which it pleads is determinable immediately upon inspection. Sheets v. Ramer, 125 Minn. 98, 145 N. W. 787; Dun. Dig. § 7668, et seq.

3. The amended answer alleges that on February 1, 1925, the leased apartment became untenantable and unfit for occupancy, and so continued until the defendant left; that it was unsanitary and unhealthful because of noxious and nauseating and offensive odors and gases which permeated it; that the defendant complained to the plaintiff, but the condition was not remedied; that a disorderly house was maintained in certain apartments of the building; and that he left because the apartment was untenantable and unfit for occupancy.

The answer is not sham. So far as the printed record shows neither the complaint nor the answer was verified; but on the hearing of the motion there was an affidavit in general terms supporting the answer, and an affidavit in general terms denying it. Neither shows the other to be false. The answer tenders an issue.

Neither is the answer frivolous. It cannot be said, upon inspection, that under its allegations a constructive eviction cannot be proved.

The plaintiff claims that there was a waiver by continued possession. The condition, in part at least, was a continuing one. For aught that appears it could be remedied. The answer does not show affirmatively a waiver. The cases are gathered in Greenstein v. Conradi, 161 Minn. 234, 201 N. W. 602. The defendant may not prove a defense; but his answer entitles him to offer proof.

Order and judgment reversed.