OLE O. KNUDSON v. IVER I. PEDERSON.[1]

March 12, 1926.

No. 25,125.

**Answer properly stricken out as sham.**

The answer to the complaint in an action on a promissory note was that the note represented part of the purchase price of a farm sold to the defendant and another, and that the contract of sale was procured and the sale effected by false and fraudulent representations made by the plaintiff. A motion to strike out the answer as sham was granted. The motion was based on an affidavit containing new matter not denied or explained by the defendant. *Held* that the court was justified in striking out the answer.

Pleading, 31 Cyc. p. 627 n. 16; p. 629 n. 22.

Defendant appealed from an order of the district court for Cottonwood county, Nelson, J., striking out the answer as sham. Affirmed.

*A. R. English,* for appellant.

*O. J. Finstad,* for respondent.

LEES, C.

Action on a promissory note. By his verified answer defendant admitted that he gave the note and alleged that it was executed in renewal of another note of like amount given in part payment of the purchase price of a farm sold to him and J. P. Kaas in July, 1919; that at the time of the purchase plaintiff represented that the soil was excellent, free from foul weeds, seeds, stones and gravel,

[1]Reported in 208 N. W. 8.

composed of heavy black loam with a clay subsoil, thoroughly tiled and drained, in a high state of cultivation and as good as any land in the township in which the farm was situated; that Kaas and the defendant were unable to examine the soil because crops were growing in the fields and relied upon plaintiff's representations, and so relying entered into a contract for the purchase of the land for the sum of $42,000. He further alleged that a portion of the purchase price had been paid; that plaintiff's representations were false and made with intent to deceive, and that defendant and Kaas failed to discover their falsity until the summer of 1924, after the execution of the note upon which suit was brought. The answer concluded with a counterclaim for damages in the sum of $12,000.

Plaintiff moved that the answer be stricken as sham, basing the motion on his affidavit, which consisted in part of a denial of the making of the representations alleged, and in part of the following allegations of new matter: That, before the sale was made, Kaas and the defendant in plaintiff's presence went all over the farm and spoke to plaintiff about small patches of quack grass and stone they saw, and about the condition of the tile outlet which they examined and thought insufficient; that an allowance of $100 was made to improve it and 200 tiles given to them with which to do additional tiling; that in the fall of 1919 they took possession and plowed the land; that Kaas lived on the farm for three years; that during the next five years he and the defendant saw the plaintiff frequently but made no complaint until the spring of 1923, when they requested him to take the farm back because they were unable to pay for it and that they conveyed it to him without mention of any misrepresentations; that on February 27, 1924, defendant executed the note in question without intimating that plaintiff had been guilty of fraud or misrepresentation; that, after the farm was reconveyed to plaintiff, Kaas leased it from him and remained in possession until the fall of 1923.

A sham pleading may be stricken although it is verified. Dun. Dig. § 7660. When a party to an action moves that a pleading be stricken as sham, it is for the court to determine whether the plead-

ing raises an issue to try, not to try the issue. O'Donnell v. Lessel-young, 150 Minn. 318, 185 N. W. 289; Segerstrom v. Holland Piano Mnfg. Co. 160 Minn. 95, 199 N. W. 897; Bronzin Holding Co. v. McGee, 166 Minn. 1, 207 N. W. 199.

If the affidavits in support of the motion make a prima facie case of the falsity of the pleading, the motion will ordinarily be granted unless the showing is met by counteraffidavits or other form of proof, free from evasion, which make it clear that there is an issue to be tried, and a showing of bad faith is not necessary. Bank v. Sheasgreen, 153 Minn. 363, 190 N. W. 484. In that case the court quoted from Van Loon v. Griffin, 34 Minn. 444, 26 N. W. 601, as follows: "These affidavits certainly called for some explanation in rebuttal by defendants. In the absence of it we do not see how the answer can properly be permitted to stand."

We think the defendant was called upon to deny or explain the new matter set out in plaintiff's affidavit and that his failure to file a counteraffidavit must be taken as an admission of the truth of plaintiff's statements. If plaintiff made the representations and they were false, defendant must have known all about it long before he gave the note upon which suit is brought. True, he is not seeking to rescind the contract for the purchase of the farm. He affirms it and pleads a cause of action at law for damages for the alleged fraud. His cause of action, if one he has, is not barred by the statute of limitations, but these facts are not enough to require a reversal. It is contrary to human experience to suppose that a man in defendant's position would not have discovered the falsity of most of plaintiff's alleged representations as early as the fall of 1919, when the land was plowed, and the falsity of the others when the crops were grown in the summer of 1920. If defendant had been deceived as grossly as he says he was, he would almost certainly have made complaint to plaintiff before the year 1921. It is highly improbable that he would have gone on making payments under the contract, or that he and Kaas would have asked plaintiff to take back the farm because they could not pay for it. It is equally improbable that he would have renewed a note given for

part of the purchase price after the farm was reconveyed to plaintiff and after he must have had full knowledge of the deception he now brings forward as a defense to the note. The allegation that the alleged fraud was not discovered until the summer of 1924 is beyond belief. The uncontroverted statements in the affidavit, which, for the purposes of the motion, must be taken to be true, when shown at a trial, if one were had, would require the court to direct a verdict in plaintiff's favor, hence plaintiff has made a fair showing that the issue tendered in the answer is not one which defendant has a right to have tried or submitted to a jury.

Order affirmed.