WESTERN GRAVEL COMPANY v. M. J. NOLAN COMPANY.[1]

April, 20, 1928.

No. 26,641.

**Falsity of pleading must be indisputable to justify striking it out as sham.**
Upon motion to strike out a pleading as sham or frivolous it is the duty of the court to determine whether there is an issue to try, not to try the issue. Every reasonable doubt must be resolved in favor of the pleading, and to justify the court in striking out a pleading as sham its falsity must be clear and indisputable.

Pleading, 31 Cyc. p. 628 n. 20.

Defendant appealed from a judgment of the district court for Hennepin county, Montgomery, J. Reversed.

*C. J. Foley*, for appellant.

*Ueland & Ueland*, for respondent.

WILSON, C. J.

Appeal from a judgment entered after the defendant's amended answer (herein referred to as the answer) was stricken.

The complaint seeks to recover $3,250 on an account stated. The answer denies indebtedness to plaintiff in the sum of $3,250 and denies that there was an account stated between the parties. The answer says that at plaintiff's request defendant gave to plaintiff an order in the form of an assignment on the Wisconsin highway department for $3,250, the purpose of which was to aid plaintiff in keeping its credit with its bank; that plaintiff fraudulently procured the order by inducing defendant to rely upon its (plaintiff's) statements, which were untrue and made for the sole purpose of misleading defendant. The answer admitted an indebtedness to plaintiff of $2,079.18. Upon motion the answer was stricken as sham and frivolous and judgment was ordered for the full $3,250 with interest.

[1]Reported in 219 N. W. 148.

Affidavits were used for and against the motion. Defendant's affidavits state that at the time of making the alleged account the matter was discussed at great length but that defendant then explained to plaintiff that no final account could be arrived at until final acceptance by the Wisconsin highway department of the work completed; that defendant's representative agreed with plaintiff's representative to give the order for $3,250 for the purpose mentioned in the answer but stipulated that this amount would in no way bind defendant, was merely an accommodation to plaintiff and not to be construed as a settlement figure, and that there would be final accounting at some future date or as soon as the acceptance was received from said highway department. Defendant's representative says that he did not intend nor did he ever understand that the amount was to be an account stated and that there was no agreement to settle the difference for $3,250. This theory is contradicted by plaintiff's affidavits.

An account stated depends upon contract. 1 Dunnell, Minn. Dig. (2 ed.) § 50. There is a sharp conflict in the affidavits as to the transaction out of which the alleged account stated originated. The claim of defendant, if true, is legally sufficient as a defense. It is therefore not frivolous. The denial is sufficient to put plaintiff to its proof unless the plea is false. A sham pleading is one that is false; and to justify the court in striking out a pleading as sham its falsity must be clear and indisputable. Every reasonable doubt must be resolved in favor of the pleading. Where there is a dispute in the affidavits as to the facts upon which the answer must rest, it cannot be said that its falsity is clear and indisputable. Upon such motion the duty of the court is to determine whether there is an issue to try, not to try the issue. Segerstrom v. Holland Piano Mfg. Co. 160 Minn. 95, 199 N. W. 897; 5 Dunnell, Minn. Dig. (2 ed.) § 7658; O'Donnell v. Lesselyoung, 150 Minn. 318, 185 N. W. 289; Bronzin Holding Co. v. McGee, 166 Minn. 129, 207 N. W. 199; Knudson v. Pederson, 166 Minn. 360, 208 N. W. 8; Boardman v. Bruce, 156 Minn. 499, 194 N. W. 375; Bank of Richards v. Sheasgreen, 153 Minn. 363, 190 N. W. 484. It follows that the answer should not have been stricken.

Reversed.

HOLT, J. (dissenting).

I dissent. The instruments signed by defendant so conclusively demonstrate the falsity of its affidavits that the court was justified in striking the answer.

HILTON, J. (dissenting).

I dissent. The law relative to sham and frivolous pleadings is correctly stated in the majority opinion. However I am convinced from a careful examination of the record that the answer was properly stricken and that there was no issue to try.