AUGUST S. NELSON AND OTHERS v. INDEPENDENT FRUIT
AUCTION COMPANY.
BEARMAN FRUIT COMPANY v. SAME DEFENDANT.
GOODWIN O'HARA COMPANY, INC. v. SAME DEFENDANT.
FRANK C. JORDAN AND ANOTHER v. SAME DEFENDANT.[1]

February 21, 1929.

Nos. 27,208, 27,209, 27,211, 27,212.

See 21 R. C. L. 452; 5 R. C. L. Supp. 1160; 6 R. C. L. Supp. 1267.

*Oppenheimer, Dickson, Hodgson, Brown & Donnelly,* for appellant.
*Ell M. Roston,* for respondents.

DIBELL, J.

There were four actions by different plaintiffs, each action to re-
cover on a promissory note of the defendant. On motion of the
plaintiffs the answers were stricken as sham and frivolous; and the
defendant appeals. The actions were consolidated on appeal by
stipulation and order.

An answer is sham when it is clearly false and tenders no
real issue; and it is frivolous when its insufficiency is determinable
upon mere inspection. On the hearing of a motion to strike as sham
the court does not try an issue of fact. It finds whether there is a

[1]Reported in 223 N. W. 767.

real issue of fact to try. In a motion to strike as frivolous, the question is not merely whether the pleading is demurrable. To be frivolous its insufficiency must be apparent. These principles are so well settled as not to permit discussion. Bronzin Holding Co. v. McGee, 166 Minn. 129, 207 N. W. 199; Western Gravel Co. v. M. J. Nolan Co. 174 Minn. 315, 219 N. W. 148; 5 Dunnell, Minn. Dig. (2 ed.) § 7657, et seq. § 7668, et seq.

■ On January 8, 1927, the defendant gave to each of the plaintiffs a note for $600 payable on or before one year. It is apparent that the defendant was in financial stress. What should be done was a matter under consideration by stockholders, among whom were the plaintiffs. Various remedies were discussed. There was talk of issuing new stock and of making an assessment on the stockholders. Those interested had no legal advice. Finally the plan was devised of each stockholder advancing $600, and of the defendant making its note to each due in a year. The plaintiffs claim that the promise to pay was absolute. The defendant claims that the notes were to be paid only in the event that the defendant made a profit, and then only to the extent of such profit. The answer alleges that by mutual mistake the condition as to payment was not specified in writing, that the defendant made no profit in the year, and asked a reformation of the notes.

If the real agreement was as is claimed by the defendant there was a defense. It may be that such was not the agreement. Whether the agreement was as the defendant claims is a question of fact. Some fact-trying tribunal must determine it. That the action is in the municipal court and a reformation cannot be had there is not of consequence. The action may be transferred to a court having equitable jurisdiction.

We hold the answers neither sham nor frivolous.

Judgments reversed.