WILLIAM J. BETTINGEN AND ANOTHER v. AMOS T. MOSHIER.[1]

May 16, 1930.

No. 27,874.

[1] Reported in 230 N. W. 811.

*Harry S. Locke,* for appellant.

*G. W. Lewis,* for respondent M. Vilas Hubbard.

HILTON, J.

Defendant appeals from an order of the district court striking out his answer, which contained a counterclaim, as sham and frivolous and ordering judgment in plaintiffs' favor as for want of an answer. G. S. 1923 (2 Mason, 1927) § 9259.

Action on a promissory note for $583 and interest. The answer admitted the execution and delivery of the note, but contained a counterclaim for $1,834.41, alleged to have been paid by defendant at the request of plaintiffs as taxes on a certain business building property in the city of St. Paul, for the repayment of which a demand had been made and refused. The reply admitted plaintiffs' promise to pay one-half of the taxes for the year 1927 and alleged that defendant promised to pay one-half thereof; that payment of plaintiffs' one-half of said taxes was to be made by deducting the amount thereof from a certain indebtedness owed by defendant to plaintiffs. Each of the pleadings was verified. An affidavit was filed on behalf of plaintiffs in support of their motion to strike out the answer; a counter affidavit was filed by defendant.

A lengthy contract, exhibit A, dated August 24, 1927, and appearing in the record, was a duly executed and acknowledged agreement between the parties relative to the property in question. This property had been sold and conveyed by plaintiffs to defendant; in payment therefor defendant had given plaintiffs a note for $24,000 secured by a mortgage. The property was also encumbered by a first mortgage for $70,000.

This agreement, in addition to numerous other covenants by him to be performed, provided that defendant should pay all the taxes on the property. However in the latter part of exhibit A there was a provision that plaintiffs should pay one-half of the taxes for the

year 1927. It is not claimed that defendant ever paid more than one-half of the taxes for that year; such he was required to pay in any event. Had defendant performed the other covenants in the contract and paid all the taxes for that year, there would be merit to his counterclaim, unless the arrangement was as alleged in the reply. Under the situation here presented there is no such merit. A sham pleading is one that is false; and to justify the court in striking out a pleading as sham its falsity must be clear and indisputable. Every reasonable doubt must be resolved in favor of the pleading. Upon a motion to strike out a pleading as sham and frivolous, it is the duty of the court to determine whether there is an issue to try, not to try the issue. 5 Dunnell, Minn. Dig. (2 ed.) § 7658; Western Gravel Co. v. M. J. Nolan Co. 174 Minn. 315, 219 N. W. 148. Applying these rules, we are of opinion that there was no issue to try. The trial court upon the record before it properly granted the motion to strike out the answer as sham and frivolous.

Affirmed.

[1]Reported in 230 N. W. 819.