## J. E. TAPPAN v. C. C. JOSLYN, JR. AND OTHERS.[1]

May 29, 1930.

No. 27,938.

*Francis Muekel,* pro se.
*Thomas Gallagher,* for respondent.

STONE, J.

In this action to determine adverse claims to real estate, Francis Muekel, one of the defendants, appeals from an order striking out his separate answer as "sham, frivolous and irrelevant" and ordering judgment against him as by default.

Plaintiff claims to be the owner in fee simple by virtue of a tax title based upon certificates running back to and covering the taxes for the years 1922 to 1925. The certificates were issued to C. F. Keyes and assigned to plaintiff. Appellant was joined as a defendant because he is the holder of a mortgage on the involved premises executed and recorded in November, 1926. The mortgagors were Rudolph Babler and Emily G. Babler, husband and wife, who then had an interest in the property which subsequently ripened into legal title subject to the tax certificates assigned to plaintiff by Keyes. Without now distinguishing between the pleadings and the affidavits presented for and against plaintiff's motion to strike Muekel's answer as sham and frivolous, it appears that plaintiff

[1]Reported in 231 N. W. 224.

claims that Muekel's mortgage is without consideration and therefore void. On his part Muekel avers that plaintiff has acquired the tax title upon which the suit is based, not in his own right or in his own interest but as the agent and trustee for the Bablers, the purpose of all of them being, through the perfection of the tax title in this action, to defeat the lien of Muekel's mortgage, which we assume carries the usual covenants of title.

The complaint and the separate answer of Muekel, together with the affidavits in support of each, present an issue to try, possibly two of them. One is as to the consideration for appellant's mortgage, and the other whether plaintiff is proceeding, not in his own interest but for that of the Bablers for the purpose of fraudulently defeating the lien of appellant's mortgage. A decision of the latter question in favor of plaintiff would make unnecessary a determination of the other issue. Each party avers that the position of his adversary is without foundation in fact. So, however unfounded the claims may be on one side or the other, we see no escape from the necessity for trying the issue in the usual manner. We are not able to agree that the pleadings do not present an issue for trial. It is only when a pleading is futile on its face as matter of law and therefore frivolous, or when by proper showing it is demonstrated to be false and therefore sham, that it should be stricken. O'Donnell v. Lesselyoung, 150 Minn. 318, 185 N. W. 289; Bank of Richards v. Sheasgreen, 153 Minn. 363, 190 N. W. 484; Western Gravel Co. v. M. J. Nolan Co. 174 Minn. 315, 219 N. W. 148. The record does not go far enough on behalf of plaintiff to support either conclusion necessary to sustain the order appealed from. In consequence it must be reversed.

So ordered.