GLADYN HASSE v. VICTORIA CO-OPERATIVE CREAMERY ASSOCIATION.[1]

November 1, 1940.

No. 32,476.

[1]Reported in 294 N. W. 475.

*Earl H. A. Isensee* and *John Simpson,* for appellant.
*G. P. Mahoney,* for respondent.

GALLAGHER, CHIEF JUSTICE.

Appeal from a judgment entered on the pleadings after plaintiff's reply was stricken as sham and frivolous.

The complaint alleges negligence by defendant in the maintenance of its premises, a creamery, and asks damages for injuries sustained by plaintiff while lawfully thereon. The answer admits the injuries, denies negligence on its part, and alleges contributory negligence and assumption of risk by plaintiff. It also alleges that plaintiff was engaged in the performance of his duties as an employe of defendant at the time he was injured and that his injuries arose out of and in the course of his employment. It further alleges that both parties were subject to the provisions of the workmen's compensation act and that subsequent to his injuries plaintiff demanded and obtained benefits prescribed by the act.

The reply admits that plaintiff received money from defendant's insurer by reason of his injuries and alleges that he was induced to do so by defendant's agents, without advice of counsel, under a mistake of fact and as a result of a conspiracy between agents and adjusters for the creamery liability insurance company and the premises liability insurance company of defendant while acting as agents and servants of defendant. It denies other allegations of the answer, including the allegation that plaintiff was in defendant's employ when injured.

Affidavits were used in support of and in opposition to the motion to strike. Defendant's affidavit in support of the motion repeats the allegations contained in the answer. Plaintiff's affidavit in opposition to the motion recites in

effect that at the time of his injuries he was engaged in hauling milk and cream for farmers living in the vicinity of defendant's creamery; that he contacted the farmers individually and arranged with each farmer to haul his milk for ten cents per hundredweight; that defendant was authorized to make the deductions from the farmers' pay checks and pay it direct to plaintiff and that defendant gave each farmer a monthly statement showing the amount of the deductions; that plaintiff used his own truck to do the hauling; that he hauled to different creameries at the direction of each farmer and could be discharged by each farmer but was not subject to discharge by the defendant nor under its control in any manner. The affidavit further recites that after plaintiff was injured an adjuster for the Mutual Creamery Liability Insurance Company, defendant's insurer, called to see him and represented to him that he was an employe of the defendant and entitled to benefits from defendant under the workmen's compensation act; that he relied upon said statements and accepted the payments, believing the statements to be true; that he was a minor at the time the payments were made and that he is willing to apply the money received from the insurance company on the sum recovered should the law so require. On the record referred to, the trial court ordered the reply stricken as sham and frivolous and directed judgment for defendant. The question for our determination is whether the trial court was justified in so doing.

A pleading that is sham or frivolous may be stricken or judgment rendered notwithstanding the same as for want of answer or reply. 2 Mason Minn. St. 1927, § 9259. A sham pleading is one that is false. 5 Dunnell, Minn. Dig. (2 ed. & Supps.) § 7657; Bank of Richards v. Sheasgreen, 153 Minn. 363, 190 N. W. 484; Bronzin Holding Co. v. McGee, 166 Minn. 129, 207 N. W. 199; Western Gravel Co. v. M. J. Nolan Co. 174 Minn. 315, 219 N. W. 148; Independent School Dist. v. City of White Bear Lake,

208 Minn. 29, 292 N. W. 777. The test to determine whether a pleading is sham is whether it presents a real issue for trial. Sheets v. Ramer, 125 Minn. 98, 145 N. W. 787; Bronzin Holding Co. v. McGee, *supra*. To justify a court in striking out a pleading as sham, its falsity must be clear and indisputable. Every reasonable doubt should be resolved against striking out. Segerstrom v. Holland Piano Mfg. Co. 160 Minn. 95, 199 N. W. 897; Western Gravel Co. v. M. J. Nolan Co. 174 Minn. 315, 219 N. W. 148.

The answer here involved alleges that plaintiff was an employe of defendant and that his injuries arose out of and in the course of his employment. The reply denies these allegations, thereby raising essential issues for trial: First, whether the relation of employer-employe existed; and, second, whether the injuries arose out of and in the course of such employment if found to exist. The fact that plaintiff may have received payments from defendant's compensation insurer could, in no sense, be a bar to his common-law action based on negligence if he in fact was not an employe engaged within the scope of his employment at the time of his injury. Rasmussen v. George Benz & Sons, 168 Minn. 319, 325, 210 N. W. 75, 212 N. W. 20; Erickson v. Kircher, 168 Minn. 67, 209 N. W. 644; Voyer v. Dispatch Printing Co. 62 Minn. 393, 64 N. W. 1138. In determining whether a pleading is sham the court does not try an issue of fact but determines whether there is one to try. O'Donnell v. Lesselyoung, 150 Minn. 318, 185 N. W. 289; Segerstrom v. Holland Piano Mfg. Co. 160 Minn. 95, 101, 199 N. W. 897; Western Gravel Co. v. M. J. Nolan Co. 174 Minn. 315, 219 N. W. 148. We conclude that the reply raised issues for trial and therefore was not sham.

A frivolous pleading is one which is so glaringly insufficient as a defense that the court can determine its insufficiency upon bare inspection, without argument; one that does not in any view of the facts pleaded present a de-

fense to the action. Pothen v. Pothen, 116 Minn. 32, 133 N. W. 72; Cairns v. Lewis, 169 Minn. 156, 210 N. W. 885; State ex rel. Engelhard v. Weber, 96 Minn. 422, 105 N. W. 490, 113 A. S. R. 630; Segerstrom v. Holland Piano Mfg. Co. 160 Minn. 95, 199 N. W. 897; 5 Dunnell, Minn. Dig. (2 ed. & Supps.) § 7668. Where part of a pleading is frivolous but another part is good and puts in issue material allegations of the complaint or answer, the court cannot strike out the whole and order judgment. Schmitt v. Cassilius, 31 Minn. 7, 16 N. W. 453. Here, although many of the allegations in plaintiff's reply are not good, still it does contain a general denial. The general denial serves to deny the allegations of employment and injury in the scope thereof contained in defendant's answer. Essential fact issues are thereby raised, and the reply should not have been stricken as frivolous.

Reversed.

